SUPREME COURT.

The People *ex rel.* James S. Brownson and others agt. The Marine Court of the city of New York. (Three cases.)

The *writ of prohibition* does not issue to correct *irregularities* or *errors* in administering justice by inferior courts; but to prevent such courts from going beyond their jurisdiction in the exercise of judicial power in matters over which they have no cognizance.

Consequently it will not issue for the purpose of requiring affidavits to be amended so as to justify the issuing of an attachment.

Nor will it issue to remedy an alleged difficulty, that the debt for which the plaintiff was entitled to sue was larger than the jurisdiction of the court permitted, where the plaintiff remitted the excess.

*New York General Term, May,* 1862.

Ingraham, Leonard and Clerke, *Justices.*

Motion in each of the cases for writ of prohibition.

By the court, Ingraham, P. J. We see no good reason for granting the writ of prohibition asked for on these motions. The writ does not issue to correct irregularities or errors in administering justice by inferior courts, but to · prevent courts from going beyond their jurisdiction in the exercise of judicial powers in matters over which they have no cognizance, (2 *Hill*, 367 ; 7 *Wend.*, 518,) but it ought

not to issue where the party has a complete remedy in some other and more ordinary form. (2 *Hill*, 367.)

In the present case, the first ground upon which the writ is asked is, that the affidavits on which the proceedings complained of were founded, did not show certain matters which the relators think necessary to have justified the issuing of the attachments. This is so clearly a matter of practice in the courts, to be remedied, first, by a motion to the court, secondly, by an appeal to the general term, and next to the common pleas, that it seems only necessary to mention it to show that the error is not to be corrected by a writ of prohibition.

Another ground on which the relator asks for the writ is, that the debt for which the plaintiff was entitled to sue was larger than the jurisdiction of the marine court permitted to be recovered in that court. To obviate this difficulty, the plaintiff remitted all over $500, and only sought to recover the latter sum. We think the defendant, who is relator here, has no cause to complain because the plaintiff sees fit to reduce the amount of his indebtedness by relinquishing to the debtor a part of his debt. It does not affect the jurisdictional question. The person and the subject matter were both within the jurisdiction of the court, and there is nothing to show that the court attempted to exceed its powers in rendering judgment for a greater amount than the statute allowed. Nor do we consider it any act in fraud of the jurisdiction of the higher courts, calling for this particular remedy.

At the present day there is no necessity for such proceedings to preserve the jurisdiction of the courts—certainly none for applying such a remedy simply because the creditor gives to his debtor one-fifth of his indebtedness. The objection as to counter-claims is also expressly provided for in the act relating to the marine court.

None of these grounds show any attempt on the part of

the court to exceed its jurisdiction or to exercise any authority not conferred upon it by law. There is, therefore, no reason for issuing this writ, and the order at special term denying this application should be affirmed.

LEONARD, J., concurred.