## SUPREME COURT.

### In re SHERMAN P. BARBOUR.

*Marine court — jurisdiction.*

The marine court has jurisdiction of actions where the amount recovered does not exceed $2,000. It does not matter what is the amount claimed, if the sum finally recovered does not exceed $2,000, exclusive of costs.

*Special Term, December,* 1876.

WRITS of *habeas corpus* and certiorari were issued by a justice of this court upon petition showing detention of relator by virtue of an order to arrest and hold to bail in $3,000, made by the chief justice of the marine court of the city of New York. The record produced was the summons for relief, complaint and answer, affidavit, and order to arrest. The action was for $2,500 damages for deceit, and the complaint demanded judgment for $2,500. The relator insisted that the marine court exceeded its jurisdiction in entertaining this action in that the claim should not be for more than $2,000, which should appear on the face of the record.

*Charles H. Smith,* for relator, cited *Frees* agt. *Ford* (6 *N. Y.,* 176); *People ex rel. Brownson* agt. *Marine Court* (36 *Barb.,* 341).

*N. Reeve,* opposed.

BRADY, *J.*— The jurisdiction of the marine court in the action against the relator cannot be disputed. Its exercise has been lawful, and therefore in accord with the power conferring it. It matters not what is the amount claimed, if the sum finally recovered does not exceed $2,000, exclusive of costs (*Chap.* 479, *Laws* 1875). If the recovery were in the action against the relator in excess of the sum named, interest and costs, another order to hold to bail detained the defendant on basis of the judgment, it might be a proper subject of investigation. The relator assigns no lawful reason for his discharge, and the writs must, therefore, be dismissed.