KANTRO v. ARMSTRONG.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

MUNICIPAL COURT—JURISDICTION.

    Greater New York Charter, § 1370, authorizing an action in a district of the municipal court in one county against a defendant residing in the city, but in another county, does not contravene Const. art. 6, § 18, inhibiting the creation of a local court with any greater jurisdiction than county courts have; the restriction being as to subject-matter and persons, and not as to territory.

Appeal from municipal court of New York.

Action by Michael Kantro against Robert Armstrong. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Charles Dussler, for appellant.
Charles H. Fuller, for respondent.

PER CURIAM. But one point is raised on this appeal,—the jurisdiction of the municipal court. The action was brought in a district in the borough of Brooklyn, while the defendant resides in the borough of Queens. It is insisted that the Greater New York charter (section 1370), so far as it attempts to authorize the prosecution of an action in a district of the municipal court in one county against a defendant who resides within the city, but in another county, is in conflict with the constitutional provision (article 6, § 18) that the legislature shall not create any inferior or local court with any greater jurisdiction than is conferred upon the county courts. In Irwin v.

Railroad Co., 38 App. Div. 252, 57 N. Y. Supp. 21, the validity of the creation of the municipal court was challenged on this ground. It was there held, through Van Brunt, P. J., that the intention of the constitution, by reference to county courts, was to restrict the jurisdiction of new local courts as to subject-matter and persons, and not territorially, and that hence the statute creating the municipal courts was constitutional. It does not appear that in the case cited the defendant was not a resident of the county in which the action was brought. Nevertheless the principle upon which the decision proceeded controls the disposition of the present case. In the opinion of Justice Van Brunt we entirely concur, and can add nothing to its force or reason.

The judgment appealed from should be affirmed, with costs.