MINERS' & MERCHANTS' BANK OF ALASKA v. BRADY.

(Supreme Court, Appellate Term. March 21, 1912.)

1. COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION.

Despite Const. art. 6, §§ 14, 18, respectively providing that the jurisdiction of County Courts in actions for the recovery of money shall not exceed $2,000 and that the Legislature shall not confer upon any inferior or local court of its creation any greater jurisdiction than that on County Courts, the jurisdiction of the City Court of New York in actions brought to recover a money judgment is unlimited, the one restriction being as to the amount of the judgment that can be entered; and so a defendant cannot, as partial defense to a claim for more than $2,000, set up the restrictions of the Constitution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 188.*]

2. COURTS (§ 37*)—JURISDICTION—WAIVER OF OBJECTION.

The objection that the court is without jurisdiction of the subject-matter cannot be waived, and may be raised at any time.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–151; Dec. Dig. § 37.*]

Appeal from City Court of New York, Special Term.

Action by the Miners' & Merchants' Bank of Alaska against Frank G. Brady. From an order sustaining plaintiff's demurrer to the second partial defense, defendant appeals. Affirmed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Jerome B. Buck, for appellant.

Allen & Chard (Charles K. Allen, Standish Chard, and John J. Kling, of counsel), for respondent.

BIJUR, J. [1] The first cause of action is one for $2,500 and interest upon a promissory note. The second partial defense consists of the allegation that, notwithstanding chapter 569, Laws 1911, extending the "jurisdiction" of the City Court to actions to recover money only up to the sum of $5,000, exclusive of interest and costs, said City Court has jurisdiction only up to the amount of $2,000, because the act as amended is unconstitutional. This claim is based upon the provisions of article 6, § 18, of the Constitution, forbidding the Legislature to confer upon any inferior or local court of its creation any greater jurisdiction than is conferred upon County Courts, and section 14 of the same article, which limits jurisdiction of the County Courts, in actions for the recovery of money only, to those in which the complaint demands judgment for a sum not exceeding $2,000.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

Plaintiff, however, makes the point, which I find well taken, that defendant's so-called partial defense is premature. In Ralli v. Pearsall, 69 App. Div. 254, 257, 74 N. Y. Supp. 620 (1902), the Appellate Division held that the jurisdiction of the City Court was unlimited in actions brought to recover a money judgment in any amount, and that the limitation was only to the amount of the judgment that could be entered thereon. As, of course, it cannot, at the present stage of this litigation, appear that plaintiff will enter judgment for more than the statutory amount, defendant's so-called partial defense is without basis.

[2] It may also well be doubted whether an objection of this peculiar kind may be regarded technically as a "defense," either complete or partial; and, in any event, it is apparent that, if the objection be one going to the jurisdiction of the City Court (whether to entertain the action or enter the judgment), it is one that cannot be waived, and defendant cannot be substantially injured by delaying its interposition until what I regard as the proper time.

Order affirmed, with $10 costs and disbursements. All concur.

