(77 Misc. Rep. 151.)

### LEWKOWICZ v. QUEEN AËROPLANE CO.

(Supreme Court, Appellate Term.     June 14, 1912.)

COURTS (§ 168*)—"JURISDICTION"—CONSTITUTIONAL LAW.

Laws 1911, c. 569, which increases to $5,000 the limit of the amount for which judgment in actions to recover money only can be rendered by the City Court of New York, does not violate Const. art. 6, § 18, which provides that the Legislature shall not "confer" on any inferior or local court any equity jurisdiction or any greater jurisdiction in other respects than is conferred on County Courts by the article, though that article limits the jurisdiction of County Courts, in actions for recovery of money only, to suits where not more than $2,000 is demanded, since chapter 569 gives the City Court no new jurisdiction, but merely changes the limit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 413; Dec. Dig. § 168.*

For other definitions, see Words and Phrases, vol. 4, pp. 3876–3885; vol. 8, pp. 7697, 7698.]

Page, J., dissenting.

Action by Ladis Lewkowicz against the Queen Aëroplane Company. From a judgment for plaintiff, and from an order denying a new trial defendant appeals. Affirmed.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Robert Leslie Moffett, of New York City, for appellant.

Eugene I. Gottlieb, of New York City, for respondent.

SEABURY, J.  Two appeals are presented in this cause.  In one, the defendant appeals from a judgment entered upon a verdict of a jury rendered in favor of the plaintiff and from an order denying a motion to set the verdict aside and for a new trial.  In the other, the defendant appeals from an order denying its motion to reduce the amount of the judgment to $2,000, together with interest and costs. The plaintiff has recovered a judgment for $4,316.32.  A review of the record presented by the appeal from the judgment and order denying a motion for a new trial satisfies me that there is no ground for the reversal of the judgment or of the order.  The judgment includes

an award of $650 to the plaintiff for commissions upon the sale of an aëroplane. Although there were negotiations looking to the sale of the aëroplane, the sale itself was not made. We are of the opinion that the judgment should be reduced by $650, and, as reduced, affirmed, without costs to either party.

The affirmance of this judgment leaves a judgment of $3,587.50 against this defendant. The defendant claims that this judgment is in excess of the jurisdiction of the City Court, and therefore void. It was to reduce the judgment to $2,000, with interest and costs, that the defendant made the motion which resulted in the order from which it now appeals to this court. This appeal brings up for determination the constitutionality of chapter 569 of the Laws of 1911. That act of the Legislature purports to increase to $5,000 the limit of the amount for which judgment in actions to recover a sum of money only can be rendered in the City of Court of New York. The question is one of the first importance, and, as the purpose of the Legislature in enacting this law was to relieve a situation existing in New York county, which, in its judgment, called for a remedy, we should not declare void this enactment, unless we are satisfied, beyond a reasonable doubt, that it is in conflict with the provisions of the fundamental law. We should approach the consideration of this question bearing in mind—

"that a statute can be declared unconstitutional only when it can be shown, beyond reasonable doubt, that it conflicts with a fundamental law, and that, until every reasonable mode of reconciliation of the statute with the Constitution has been resorted to, and reconciliation has been found impossible, the statute will be upheld." Worthington v. London G. & A. Co., 164 N. Y. 81, 84, 58 N. E. 102, 103.

Moreover, it is settled that the legal presumption is in favor of constitutionality. The determination of the question presented requires, first, an understanding of the history, nature, and extent of the jurisdiction of the City Court of New York, and an appreciation of the precise change contemplated by chapter 569 of the Laws of 1911; and, second, an understanding of the provisions of our state Constitution, upon the supposed authority of which the constitutionality of this act of the Legislature is challenged.

The City Court of the City of New York is a local inferior court established by the act of the Legislature. It was originally a Justices' Court, and is one of the oldest courts in the state. It is unnecessary to point out in detail the particular statutory changes which the Legislature has enacted in reference to this court. It is sufficient to bear in mind that the amount of the limit for which judgment could be entered has been several times increased. In 1875 the amount was again increased to permit the entry of judgment to an amount not to exceed $2,000, exclusive of costs and disbursements and allowances of the action, together with interest. Laws 1875, c. 479, § 1. That limitation continued to prescribe the amount for which judgment might be entered in that court until the enactment of the statute, the constitutionality of which is now assailed.

As early as 1813, when the court was known as the "Justices' Court

in and for the City and County of New York," it was provided that the court should be a court of record and have a seal. Laws 1813, c. 86, §§ 105, 106, 107. See Van Ness and Woodsworth's N. Y. Laws, vol. 2, pp. 381, 382. Although declared by statute to be a court of record, it was such only for the purpose of fully exercising the powers which had been expressly conferred upon it. It was not, and has never been, a court of record in the strict legal sense of the term, like courts of general common-law jurisdiction. Huff v. Knapp, 5 N. Y. 65. Notwithstanding the changes which have taken place as to the amount for which judgment could be entered in that court, it has never been declared to be a superior court.

The act of the Legislature now under consideration merely provides that "the sum for which judgment is rendered in favor of the plaintiff cannot exceed $5,000, exclusive of interest and costs as taxed," except in certain specified cases. The three classes of cases, which are, and for many years have been, expressly excepted from the operation of the provisions of law limiting the amount for which judgment could be entered are, first, actions upon a bond or undertaking given in the City Court; second, actions to recover damages for breach of promise of marriage; and, third, marine causes. In these three classes of cases there is no limitation as to the amount for which judgment can be rendered in the City Court. Notwithstanding the absence of limitation as to the amount for which, in certain cases, judgment could be rendered in that court, the court still retains its character as an inferior local court of statutory, and not common-law, jurisdiction. If the Legislature should remove altogether the limitation as to the amount for which judgment could be entered, the character and nature of the jurisdiction of the court would in no way be changed. Its jurisdiction as to subject-matter and persons would continue to be the same, and its character as an inferior local court would not be altered.

With these principles in mind, we are prepared to consider the provisions of our state Constitution, upon the supposed authority of which the constitutionality of this act is challenged. These provisions are as follows:

Section 18 of article 6 of the Constitution of the state of New York provides in part that:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but no inferior local court hereafter created shall be a court of record. The Legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction, or any greater jurisdiction in other respects, than is conferred upon County Courts by or under this article."

Section 14 of the same article provides that:

"County Courts shall have the powers and jurisdiction they now possess, and also original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding $2,000. The Legislature may hereafter enlarge or restrict the jurisdiction of the County Courts: Provided, however, that their jurisdiction shall not be so extended as to authorize an

action therein for the recovery of money only in which the sum demanded exceeds $2,000."

It is conceded, as I understand the argument, that the first sentence of section 18 of article 6 of the Constitution has no application to this case, because the City Court was created prior to the adoption of the Constitution of 1894. The argument which assails the constitutionality of this statute assumes that chapter 569 of the Laws of 1911 *confers* upon the City Court a greater jurisdiction than that possessed by the County Courts. It is upon this assumption that the whole argument against the constitutionality of the law is built. That this assumption is not well founded appears from an appreciation of the fact that the limitation prescribing the amount for which judgment may be entered does not affect the *jurisdiction* of the City Court. It is to be borne in mind that the term "jurisdiction," as used in the provisions of the Constitution quoted above, refers to subject-matter and persons, rather than to the locality in which, or the amount for which, actions may be brought. The test of jurisdiction depends upon the condition of things at the time the action is brought. Thus, in Mollan v. Torrance, 22 U. S. 537, 6 L. Ed. 154, Chief Justice Marshall said:

"It is quite clear that the jurisdiction of the court depends upon the state of things at the time of the action brought, and that, after vesting, it cannot be ousted by subsequent events."

In Sigmond v. Bebber, 104 Iowa, 431, 73 N. W. 1027, the court said:

"In determining the jurisdiction of the court as to subject-matter, we do not inquire what the law is on the subject, or what the holding should be, but the inquiry is: Has the court authority to hear and determine the question? 'Jurisdiction' is thus defined: 'Jurisdiction is the authority by which judicial officers take cognizance of and decide causes,' or, as it has been most frequently defined, 'the power to hear and determine the cause.' The definition thus limited implies that, if a court having power to hear and determine a cause enters a judgment therein, the validity of such a judgment is not affected by the power of the court to enter the judgment in question."

In Koppel v. Heinrichs, 1 Barb. 449, the court said:

"The general rule on the subject of jurisdiction is that it depends on the state of things at the time the action is brought, and if the circumstances be such then as to vest jurisdiction the same cannot be ousted by any subsequent events."

In People ex rel. Brownson v. Marine Court, 23 How. Prac. 446, Daniel P. Ingraham, P. J., in discussing the question as to whether a writ of prohibition should issue against the Marine Court, said:

"Another ground on which the relator asks for the writ is that the debt for which the plaintiff was entitled to sue was larger than the jurisdiction of the Marine Court. permitted to be recovered in that court. To obviate this difficulty, the plaintiff remitted all over $500, and only sought to recover the latter sum. * * * It does not affect the jurisdictional question. The person and the subject-matter were both within the jurisdiction of the court, and there is nothing to show that the court attempted to exceed its powers in rendering judgment for a greater amount than the statute allowed."

In Re Barbour, 52 How. Prac. 94, a writ of habeas corpus was obtained by a relator under an order of arrest bailable in the sum of

$5,000 made by a justice of the Marine Court. The complaint in the action in which the order of arrest was issued demanded judgment for $2,500. The relator insisted that the Marine Court exceeded its jurisdiction in maintaining the action. Upon the return of the writ, Brady, J., said:

"The jurisdiction of the Marine Court in the action against the relator cannot be disputed. Its exercise has been lawful, and therefore in accord with the power conferring it. It matters not what is the amount claimed, if the sum finally recovered does not exceed $2,000, exclusive of costs."

In Roof v. Meyer, 8 N. Y. Civ. Pr. Rep. 60, the City Court at Special Term said:

"Section 315 of the Code of Civil Procedure provides that the jurisdiction of this court extends to any action wherein the complaint demands judgment for a sum of money only. The language of this section is intended, as its terms show, to include any money judgment action, whatever may be the amount claimed. This court has jurisdiction over all such actions. That the amount claimed does not affect the jurisdiction of this court has been held in Re Barbour, 52 How. Prac. 94, and People ex rel. Brownson v. Marine Court, 23 How. Prac. 446."

Upon appeal, this decision was affirmed; McAdam, C. J., saying:

"The action was on contract for goods sold and delivered. The court has jurisdiction of such an action, without regard to the sum demanded. The only limitation on the power of the court is that 'the sum for which judgment is rendered in favor of the plaintiff cannot exceed $2,000, exclusive of interest and costs as taxed.' Codes, § 316. The clerk should have entered judgment in the action for $2,000, with interest thereon and costs; but the clerical act of entering judgment for $2,271.27, with interest, was void only to the extent of the excess which the plaintiff subsequently remitted."

In Ralli v. Pearsall, 69 App. Div. 254, 74 N. Y. Supp. 620, Mr. Justice Ingraham said:

"The jurisdiction of the City Court is fixed by section 315 of the Code, which provides that 'the jurisdiction of the City Court of the City of New York extends to the following cases: (1) An action against a natural person * * * wherein the complaint demands judgment for a sum of money.' This was such an action. Section 316, providing that the judgment entered in such an action shall not exceed $2,000, *does not affect the jurisdiction of the court in an action to recover a greater sum*. It has jurisdiction of the action, but the judgment cannot exceed the amount specified. There is a plain distinction between the provision of the Code affecting the City Court of the City of New York and the provisions of the Constitution (article 6, § 14) limiting the jurisdiction of the County Courts to an action in which the complaint demands judgment for a sum not exceeding $2,000. As to such courts, the jurisdiction of the court depends upon the amount demanded in the complaint; but, as to the City Court, jurisdiction depends upon the nature of the demand of the complaint, and the limitation is as to the amount of the judgment that the court can award."

The argument for declaring the present act unconstitutional is based upon the claim (a) that the act in question confers upon the City Court greater jurisdiction than is conferred upon the County Courts, in that the jurisdiction of the County Courts is limited to cases "in which the complaint demands judgment for a sum not exceeding $2,000"; and (b) that the intent and purpose of the framers of the present Constitution was to make it impossible for the Legislature

to prescribe that the jurisdiction of inferior local courts should be equal to that of the Supreme Court. Neither of these arguments seem to me to sustain the claim that the act in question is unconstitutional.

As to the claim that the act in question confers greater jurisdiction than that possessed by the County Courts, it has already been shown that it rests upon an unwarranted assumption. Even if chapter 569 of the Laws of 1911 had not been enacted, the City Court would still have jurisdiction of an action in which the complaint demanded judgment for more than $2,000, and the constitutional provision must be deemed to have been framed with knowledge of this fact in view. The City Court has jurisdiction of an action, regardless of the amount demanded in the complaint. The distinction between the provisions of the Code affecting the City Court of New York and the provisions of the Constitution limiting the jurisdiction of the County Courts to an action in which the complaint demands judgment for a sum not exceeding $2,000 cannot be disregarded. In regard to the City Court, jurisdiction is made dependent upon the nature and character of the action; whereas, in the County Courts, jurisdiction is dependent upon the amount demanded in the complaint. It cannot be said with accuracy either that the jurisdiction of the County Courts is greater than that of the City Court, or that the jurisdiction of the City Court is greater than that of the County Courts. It is difficult, speaking generally, to compare the jurisdiction of the two courts, because of radical and fundamental differences which exist between them. The jurisdiction of the County Courts is the standard by which the provision of the state Constitution limits the power of the Legislature to increase the jurisdiction of inferior local courts. Yet this limitation cannot be applied to the particulars in which the jurisdiction of the inferior local courts was, prior to the adoption of the provision of the Constitution quoted above, greater than that of the County Courts.

Nor can it apply to those features of the jurisdiction of inferior local courts which, in their nature, are fundamentally different from the jurisdiction possessed by the County Courts. There is no court in the state, the jurisdiction of which is exactly similar to that of the City Court of New York. Its jurisdiction is unique. In a few classes of cases, its jurisdiction is as complete as that of the Supreme Court. In marine causes, it has, for over a century, exercised a special jurisdiction, of which I can find no counterpart in any other court in this state. Until 1899 it possessed a peculiar power to grant attachments against property of nonresidents of the county of New York, provided such persons had no office in New York county for the regular transaction of business in person; whereas, no such power existed in the Supreme Court. Chapter 298, Laws 1899. These and several other peculiarities of its practice make it impossible to compare it in any general way with other inferior local courts. Under the provisions of the Constitution, the jurisdiction of the County Courts is made the measuring instrument or standard by which the power of the Legislature to increase the jurisdiction of inferior local courts is to be determined. The erection of so arbitrary a standard cannot be literally

or indiscriminately applied. The provision of the Constitution, which provides that the Legislature shall not confer upon inferior local courts greater jurisdiction than that possessed by the County Courts, relates to subject-matter and persons, and has no relation to the amount for which judgment may be entered in those inferior local courts which, prior to the adoption of that constitutional provision, had jurisdiction of actions in which the complaint demanded judgment for an amount in excess of $2,000.

Long prior to the adoption of the Constitution of 1894, the City Court had jurisdiction of actions, regardless of the amount. This jurisdiction was exercised subject to a legislative limitation as to the amount for which judgment could be rendered. The act of 1911 does not *confer* additional jurisdiction upon that court. It merely removes a limitation upon the amount for which judgment can be rendered. The jurisdiction of the court is in no way altered or changed. It remains precisely the same as it has been for many years prior to the adoption of the Constitution of 1894. The Legislature still subjects the court to a limitation as to the amount for which judgment may be rendered, but this limitation in no way affects its jurisdiction. It is merely a regulation of one of the incidents or details of its practice. If we accord to the constitutional provision a different construction from that here given, and assume that the design was to "keep down to the level of the County Courts" the jurisdiction of all local inferior courts, *even if such courts, prior to that time, exercised a greater jurisdiction,* then logically, and in order to give effect to this design, we must hold that this provision *reduces* the jurisdiction of the City Court to the same standard as that of the County Courts. Prior to the adoption of this provision, the jurisdiction of the City Court was not limited as to the amount for which judgment could be rendered in actions upon bonds or undertakings given in that court, or actions to recover damages for breach of promise of marriage, or marine causes. In all these respects the jurisdiction of the City Court as to amount was greater than that of the County Courts.

If the constitutional provision referred to is to be construed to apply to inferior local courts which, prior to its adoption, had jurisdiction of actions in which the complaint demanded judgment for an amount in excess of $2,000, then logically the courts would be required to declare unconstitutional those provisions of section 316 of the Code which provide that there shall be no limitation as to amount in cases upon bonds given in that court, or actions for breach of promise of marriage, or marine causes. Yet it is hardly reasonable to assume that the framers of this provision of the Constitution intended to take away from the City Court of New York a jurisdiction which it possessed and exercised long anterior to that time. I think that the more reasonable view to take of this provision of the Constitution is that its framers well knew that the jurisdiction of the City Court of New York was not dependent upon the amount claimed in any action, and that they intended that the prohibition against the increase of the jurisdiction of inferior local courts beyond that of the County Courts should relate to the City Court of New York and such other courts

as might be similarly situated only to subject-matter and persons, and not to amount.

Thus, in Irwin v. Metropolitan Street Railway Co., 38 App. Div. 253, 260, 57 N. Y. Supp. 21, 25, Van Brunt, P. J., in discussing this article of the Constitution, said:

"It cannot be that, after using language which was well understood and had been distinctly interpreted to give the Legislature the right to establish inferior local courts as part of a new system of government, it was intended to restrict *that* power by reference to the territorial jurisdiction conferred upon county courts, *but rather to restrict their jurisdiction as to subject-matter and persons, and not as to locality.* Such a construction is not only reasonable, but harmonizes all the parts of this provision of the Constitution."

To the same effect, also, see Kantro v. Armstrong, 44 App. Div. 506, 60 N. Y. Supp. 970, and Dodge Manufacturing Co. v. Nassau Show Case Co., 44 App. Div. 603, 61 N. Y. Supp. 111.

Gillin v. Canary, 19 Misc. Rep. 594, 44 N. Y. Supp. 313, deals with the *legislative* restriction upon the power of the court to enter judgment, and not with the prohibitions of the Constitution, and throws no light upon the question now under consideration. I find nothing in that case holding that sections 817 and 316 of the Code of Civil Procedure must be read in connection with sections 14 and 18 of article 6 of the Constitution. After pointing out that section 817 is subject to section 316, so far as it permits the consolidation of actions in the City Court, Judge McAdam included the following reference:

"See Const. art. 6, §§ 14, 18."

I do not understand that this inapt and unnecessary citation is to be construed into a judicial decision that the constitutional provision prohibits the entry of judgment for an amount in excess of $2,000. The reference has not even the weight of dictum. It is merely the citation of a provision of the Constitution wholly inapplicable to the question then decided by the court.

The purpose of the framers of the Constitution in adopting these provisions of the state Constitution is authoritatively stated in Worthington v. London G. & A. Co., supra. In that case Judge Bartlett said:

"It is very clear that the framers of the Constitution intended that, not only should the inferior local court be strictly confined to its locality, but that the extent of its jurisdiction should be so limited that there would be no danger of powers being conferred by the Legislature that might interfere with the Supreme Court in the exercise of its general jurisdiction throughout the state."

Even if the limitation as to the amount for which judgment could be rendered in the City Court should be removed altogether, the City Court and the Supreme Court would not be equal in jurisdiction. There would still remain the fundamental difference which exists between courts of superior and general jurisdiction and courts of local statutory inferior jurisdiction. That it was the purpose of the present Constitution so to limit inferior local courts that the Legislature should not be able to increase their power, so as to interfere with the Supreme Court, is evident from what has already been said. Thus,

under the provisions of the existing Constitution, it would be impossible for the Legislature to declare that the City Court should become a superior court, or that its jurisdiction should extend throughout the state, or that general equity jurisdiction should be conferred upon it, because such changes would alter the nature and character of its jurisdiction. No such change, however, is made in the nature or character of its jurisdiction by the removal of the limitation, which relates simply to the amount for which judgment can be rendered.

It seems to me that the act in question is free from constitutional objection, and that the order of the City Court, denying the motion of the defendant to reduce the judgment rendered, because it was in excess of $2,000, with interest and costs, was properly denied.

Judgment reduced, by deducting $650, and, as reduced, affirmed, without costs to either party. The order is affirmed, with $10 costs and disbursements to the respondent, with leave to appeal to the Appellate Division.

LEHMAN, J. (concurring). The Constitution of this state provides that the "Legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article." Previous to the adoption of this constitutional provision, the Legislature had exercised its unquestioned authority of creating new courts, conferring upon them such jurisdiction as it saw fit. The City Court was then in existence as a creation of the Legislature, and the provisions of sections 315 and 316 of the Code of Civil Procedure fixed its jurisdiction. These provisions, so far as material to the question before us, were:

"Sec. 315. The jurisdiction of the Marine Court of the City of New York extends to the following cases: (1) An action against a natural person, or against a foreign or domestic corporation wherein the complaint demands a judgment for a sum of money only, or to recover one or more chattels, with or without damages, for the taking or detention thereof. * * * (4) The taking and entry of a judgment upon the confession of one or more defendants, where the sum for which judgment is confessed does not exceed two thousand dollars, exclusive of interest from the time of making the statement upon which the judgment is rendered.

"Sec. 316. The jurisdiction conferred by the last section is subject to the following limitations and regulations: (1) In an action wherein the complaint demands judgment for a sum of money only, the sum for which judgment is rendered in favor of the plaintiff cannot exceed two thousand dollars, exclusive of interest and costs as taxed. * * * (2) In an action to recover one or more chattels, a judgment cannot be rendered in favor of the plaintiff for a chattel or chattels the aggregate value of which exceeds two thousand dollars."

In 1911 the Legislature passed an act amending these provisions of the Code by inserting the words "five thousand dollars" in place of the words "two thousand dollars" wherever these words occurred. It is claimed by appellant that this is unconstitutional. At the outset it is to be noted that the constitutional provision prohibits the Legislature only from "conferring" jurisdiction, and the Code provisions then in force fixing the jurisdiction of the court first provide

that the jurisdiction of the court extends to any actions wherein the complaint demands judgment for a sum of money only, and then provide that the jurisdiction "conferred" by the former provisions is subject to certain limitations and regulations. These provisions of the Code have received the judicial construction that the jurisdiction of the court applies to all cases where the complaint demands a sum of money, but that, in the exercise of this jurisdiction, the court can give judgment only for a sum not exceeding $2,000.

The Legislature has attempted now to remove part of the restriction upon the exercise of this jurisdiction, and it seems to me that the removal of such restriction is not prohibited by the Constitution. The language of the statute in force at the time when the constitutional prohibition was adopted must be considered in interpreting that prohibition. Section 316 explicitly states that the jurisdiction "conferred by the last section is subject to the following limitations and regulations." The Legislature clearly intended to "confer" the jurisdiction by one section, and then to limit or regulate the jurisdiction conferred. When the constitutional prohibition was adopted, we must presume that the framers were acquainted with this statute, and it is a fair presumption that they used the word "confer" in the same sense that it had been used in the statute, and prohibited the Legislature from "conferring" jurisdiction, though permitting it to remove the limitations or regulations upon the exercise of jurisdiction previously conferred.

This interpretation may cause doubt about the provision of the statute of 1911, in so far as it attempts to confer greater jurisdiction to take and enter a judgment upon confession; but this provision is not directly before us. Even if the provision of the statute amending section 315 of the Code in this respect be unconstitutional, the provision amending section 316 is easily separable, and is, in my opinion, a constitutional exercise of the legislative powers.

Judgment should therefore be reduced by deducting $650, and as reduced, affirmed, without costs to either party.

PAGE, J. (dissenting). The action was brought to recover damages for breach of a written contract of employment. Judgment was demanded for the sum of $5,000. Upon the trial of the issues raised by the pleadings, the jury rendered a verdict in favor of the plaintiff for the sum of $4,237.50, and judgment was entered for the sum of $4,316.32. The defendant thereupon moved to reduce the judgment to $2,078.82, upon the ground that chapter 569 of the Laws of 1911, increasing the limit of the amount for which judgment in that court can be recovered from $2,000 to $5,000, contravenes article 6, § 18, of the Constitution of the state of New York, and is therefore void. From the order denying the motion this appeal was taken.

That portion of section 18 of the Constitution, material to this appeal reads as follows:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but no inferior local court hereafter created shall be a court of record. The Legislature shall not hereafter confer upon any in-

ferior or local court of its creation any equity jurisdiction, or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article."

Section 14 of the same article provides that:

"County Courts shall have the powers and jurisdiction they now possess, and also original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars. The Legislature may hereafter enlarge or restrict the jurisdiction of the County Courts: Provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars."

The limitation upon the power of the Legislature to confer jurisdiction upon inferior local courts was placed in the Constitution the 1st of January, 1895, as a result of the ratification of the amendment proposed by the constitutional convention of 1894. A limitation upon the power of the Legislature to establish inferior local courts was first incorporated in the Constitution of 1846 by article 6, § 14:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature in cities; and such courts, except in the cities of New York and Buffalo, shall have an uniform organization and jurisdiction in such cities."

This power was enlarged by amendment of 1869, becoming section 19 of the same article, and reading:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature. * * *"

Until the adoption of the amendment of 1894 the power of the Legislature to confer any jurisdiction that they might deem wise upon inferior local courts was unlimited, with the exception that from 1846 to 1869 such courts could only be established in cities. In the exercise of this power, the Legislature had, from time to time, increased the jurisdiction of certain local courts until in 1894 there existed in this city the Court of Common Pleas and the Superior Court, in Brooklyn the City Court, and in Buffalo the Superior Court, having an equal jurisdiction within territorial limitations with the Supreme Court. In the revision of the judiciary article of the Constitution (article 6) these courts were consolidated with the Supreme Courts. The jurisdiction of the County Courts was increased to $2,000, and the Legislature was thereafter deprived of the power to confer a greater jurisdiction upon any inferior local court in actions for the recovery of money only in a larger amount than that conferred by that article upon the County Court.

From this statement the intent and purpose of this amendment clearly appears; but, that there may be no doubt, we find it most clearly stated by Elihu Root, the chairman of the judiciary committee of the constitutional convention, upon opening the debate upon this article. After viewing the proposed changes in the sections relating to the Court of Appeals and the Appellate Division, he continued:

"We have done one other thing to which I beg to call your attention. That is this: There has been a constant process in this state of enlarging of the

jurisdiction of local and inferior tribunals. That is the way in which we found ourselves confronting the situation with four superior City Courts which had been gradually built up, one of them during 200 years, the others during much shorter periods, by the constant addition of jurisdiction, until each one had equal jurisdiction with the Supreme Court within the locality in which it was situated. * * * So, while we destroy, by consolidating all these tribunals which have grown to be equal in jurisdiction to the Supreme Court, and leave only one Supreme Court, we prohibit the Legislature from ever enlarging the jurisdiction of local and inferior courts, so that they shall exceed, as to the courts now existing, the jurisdiction they now have, and as to any courts they may hereafter create, the jurisdiction of the County Courts. We thus keep down to the level of the County Courts, local tribunals and useful tribunals, adapted to the performance of specific functions, all courts except the one Supreme Court; and we do that, not alone for symmetry, not alone to avoid the inconveniences to which I have referred, of building up these rivals to the Supreme Court, but we do it because it gives effect to a principle, and this is the principle. The proper trial of small causes is just as important as the trial of large causes. Small causes are just as important to those who have them as large causes to wealthier men. * * * When a court is organized for the trial of small causes, it ought to attend to its business, and try to do it just as well as any other court tries a million dollar cause. But if you enlarge the jurisdiction, and give it million dollar causes to try, it will never attend to the little causes, and you will spoil your court for the trial of small causes, and merely add another court to those which try large ones. We propose by this inhibition upon the Legislature to keep a system of courts in this state which will attend to the proper function of properly trying small causes in which the great body of people are more interested than they are in the large ones." Revised Record Constitutional Convention of 1894, vol. 2, p. 901.

Section 18, as reported by the judiciary committee, was adopted by the convention with a slight amendment designed to preserve the City Court of New York as a court of record, and with no further discussion. Revised Record Const. Conv. vol. 2, p. 1191.

With this declared intention and purpose of the convention, the question arises: Did they use apt words to express that intention in the proposed amendment? As we have seen, so much of section 18 as is embraced within these words:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature"

—is taken directly from the existing Constitution. This was not intended to, nor did it, confer upon the Legislature any new power. It was a power that had always been exercised by the Legislature, in the exercise of which the courts, from which the present City Court was derived, were established. The Justices' Court was created by chapter 139 of the Laws of 1807, which abolished the justice of the peace for the city and county of New York created by the Laws of 1797, c. 20. In the revision of 1813 (chapter 86, § 105 et seq.) these courts were entitled "Justices' Courts in and for the City of New York," with a jurisdiction in certain actions where the sum or thing demanded did not exceed $50, and also of certain actions brought by seamen in the merchant service against owner or owners, masters, or commanders of any ship or vessel. The jurisdiction of the court was increased to $100. Laws 1817, c. 249. Its name was changed to the Marine Court of the City of New York. Laws 1819, c. 71. The jurisdiction was increased to $250 (Laws 1852, c. 389,

§ 9); next to $500 (Laws 1853, c. 617, § 2); then to $1,000 (Laws 1870, c. 582; Laws 1871, c. 799); and finally to $2,000 (Laws 1876, c. 448, § 316). The name of the court was changed to the City Court of the City of New York. Laws 1883, c. 26. By a similar legislative evolution the Mayor's Court, established (Laws 1780, c. 44), with a jurisdiction not to exceed £100, became the Court of Common Pleas for the City and County of New York, with a jurisdiction unlimited as to amount.

The Constitution of 1846 limited this power of the Legislature to create inferior local courts to the establishment of such courts in cities. By the amendment of 1869 the limitation was removed. The amendment of 1894 created a new limitation. The respondent argues that this limitation applies only to inferior local courts that may hereafter be created; that as to existing inferior local courts the power to increase the jurisdiction as to amount is unlimited. I do not find that the language of the amendment is capable of such construction. The limitation is two-fold:

First. "No inferior local court hereafter created shall be a court of record."
Second. "The Legislature shall not hereafter confer upon any inferior local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article."

The first is a limitation upon the power of the Legislature as to courts it shall thereafter create; while the second is a limitation upon the power of the Legislature to confer jurisdiction upon an inferior local court of its creation, not alone upon a court that it shall thereafter create. To limit the application of this section to courts to be hereafter created would defeat the clear purpose of the restriction. There is no locality that at the time of the adoption of the amendment did not have some inferior local court that by a process of legislative evolution could be made into a court of general jurisdiction within the limits of its locality. It is significant of the intention of this section that the jurisdiction of County Courts, which theretofore had been limited in amount to $1,000, was increased to $2,000, the then jurisdiction of the City Court.

I regret that I cannot agree with Mr. Justice SEABURY that the act of 1911 does not "confer upon the City Court a greater jurisdiction than that possessed by the County Court," and "that the limitation prescribing the amount for which judgment may be entered does not affect the jurisdiction of the City Court." Jurisdiction in its broadest sense is the power to hear and determine a cause. The determination must be expressed in a judgment whereby the rights of the party are settled, and in giving effect to which the remedy is afforded. A limitation upon the power to determine a cause is a limitation upon jurisdiction as effectually as a limitation upon the power to hear a cause. From the language of section 14 of article 6 of the Constitution, County Courts have "original jurisdiction for the recovery of money only　*　*　*　in which the complaint demands judgment for a sum not exceeding two thousand dollars," it would appear to be a limitation upon the power to hear such a cause. While section 315 of the Code of Civil Procedure provides:

"The jurisdiction of the City Court of the City of New York extends- to * * * an action wherein the complaint demands judgment for a sum of money only."

And section 316, prior to the amendment of 1911, read:

"The jurisdiction conferred by the last section is subject to the following limitations and regulations: 1. In an action wherein the complaint demands judgment for a sum of money only, the sum for which judgment is rendered in favor of the plaintiff cannot exceed two thousand dollars, exclusive of interest and costs, as taxed."

This would appear to be a limitation upon the power to determine. The ultimate effect upon the jurisdiction of the court is the same. Neither court has power to give judgment in such an action for a greater sum than $2,000, interest and costs. The one, because of the limitation upon its power to hear; and the other, because of its limitation to determine. The practical effect, as I understand this distinction, relates to the time when the question of jurisdiction arises. In the County Court a demurrer may be filed to the complaint in such an action, wherein the demand is for a greater sum than $2,000. Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410. The defect of jurisdiction would appear on the face of the complaint, whereas in the City Court the defect would not appear upon the face of the complaint, because it does not appear that the judgment will be granted for the amount demanded, and until judgment is entered the defect of jurisdiction does not appear. Miners' & Merchants' Bank v. Brady (Sup.) 134 N. Y. Supp. 590. But if the parties do not object or consent, and judgment should be entered in either court in such an action for a greater amount than $2,000, exclusive of interest and costs, such judgment would not be binding for the reason that it was beyond the jurisdiction of the court.

"Jurisdiction of the person and subject-matter is not alone sufficient; power to render the particular judgment is also essential, for no court can give a judgment valid for any purpose which is not authorized by law. * * * Transcending jurisdiction in this instance is as fatal to the judgment as if the court rendering it had been without jurisdiction of the subject-matter, which as applied here means the object, the thing in dispute, or the debt." Gillin v. Canary, 19 Misc. Rep. 594, 599, 44 N. Y. Supp. 313, 316.

But Mr. Justice SEABURY contends that the term "jurisdiction," as used in the Constitution, has a certain limited and restricted meaning. That it is limited by the terms of the Constitution I agree, but not in the manner he states. He says:

"It is to be borne in mind that the term 'jurisdiction,' as used in the provisions of the Constitution quoted above, refers to the subject-matter and persons, rather than to the locality in which, or amount for which, actions may be brought."

The Legislature is given power (Const. art. 6, § 14) to—

"enlarge or restrict the jurisdiction of the County Courts: Provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which the person not a resident of the county is defendant."

Therefore, as I read the Constitution, the important limitation on jurisdiction contemplated was as to amount. The purpose of this is plain. As expressed by Mr. Root, it was not alone to establish a symmetrical system throughout the state, nor to prevent the building up of inferior courts into courts with jurisdiction equal to that of the Supreme Court, but to retain those courts established for the purpose of dealing with cases in which small amounts were involved. And to insure that these courts should never have a greater jurisdiction in the one class of action where the sum of money to be recovered was small a limitation was placed upon the power of the Legislature to give any of those courts a jurisdiction in amount exceeding $2,000.

The only case that deals directly with an alleged legislative attempt to disregard the limitation as to amount is Gillin v. Canary, supra. In that case it was urged that, inasmuch as the City Court was a court of record, section 817 of the Code of Civil Procedure permitted the consolidation of two or more causes of action pending in that court between the same parties, and that judgment could be given in such case for the amount of the consolidated causes of action, although together they exceeded $2,000 in amount. The court held, Justice McAdam writing the opinion, that sections 817 and 316 must be read together, and in connection with sections 14 and 18 of article 6 of the Constitution, and consolidation only allowed when the amount did not exceed two thousand dollars. 19 Misc. Rep. 598, 44 N. Y. Supp. 313.

The effect of the amendment of 1894 to the Constitution, as gathered from its language, seems to me to be clear—that inferior local courts, created by the Legislature, should continue to exercise the jurisdiction that they then possessed; but the Legislature should not have power to confer upon any inferior local court, whether then existing or thereafter created, greater jurisdiction in actions for the recovery of a sum of money only than $2,000. When we read this section in connection with the entire judiciary article of the Constitution, in the light of the intent and purpose thereof as set forth by Mr. Root in the constitutional convention, the construction here given is seen to be in harmony with both the letter and the spirit of the amendment. Nor is there any adjudication which militates against this construction. In O'Connor v. City of New York, 51 Misc. Rep. 560, 101 N. Y. Supp. 295, affirmed 120 App. Div. 875, 105 N. Y. Supp. 1134, and 191 N. Y. 238, 83 N. E. 979, the question arose as to whether the repeal of an act (Laws 1860, c. 379) giving exclusive jurisdiction to the Supreme Court of actions against the city of New York, for the purpose of conferring jurisdiction in certain cases upon the Municipal Courts, revived by implication the act of 1858, which conferred certain limited jurisdiction upon the City Court, and which had been repealed by the said act of 1860.

The case of Worthington v. London Guarantee Accident Co., 164 N. Y. 81, 58 N. E. 102, holds that the District Courts of the City of New York and the then Justices' Court of the City of Brooklyn were continued, consolidated, and reorganized under the name of the Municipal Court of the City of New York, and that the jurisdiction of the court over a foreign corporation having an office in the city of

New York survived the consolidation. The court then says that, even if the Municipal Court was to be considered a new court, still the jurisdiction conferred would not violate the constitutional inhibition. This is far from holding, as respondent contends, that:

"Article 6, § 18, refers only to future courts which might be created by the Legislature, and not to existing courts which were not mentioned in the Constitution."

The case of Irwin v. Metropolitan Street Railway Co., 38 App. Div. 253, 57 N. Y. Supp. 21, held that the constitutional inhibition did not apply to territorial jurisdiction of the inferior or local courts, but rather to their jurisdiction as to subject-matter and persons. While some of the language of the opinion deals with the power of the Legislature to establish new courts, there is nothing to imply that the court was of the opinion that the constitutional provision was limited to the establishment of new courts. The court was then dealing with the question of jurisdiction, not of a new court, but one that existed at the time of, and long prior to, the adoption of the constitutional amendment.

The Constitution provides for a judicial system in which there shall be one court of general and unlimited jurisdiction throughout the state, and such local courts as may be required to meet the needs of the respective localities within the state, but that none of these local courts shall have the power to entertain actions for the recovery of money only where the money recovery can exceed $2,000. And that these local courts may not be built up into courts of unlimited jurisdiction by acts of the Legislature from time to time extending their jurisdiction, as had been done in the past, the Legislature is prohibited from thereafter conferring upon them any equity jurisdiction, or any greater jurisdiction in an action for the recovery of money only, in which the sum recovered shall exceed $2,000. Chapter 569 of the Laws of 1911 confers upon the City Court power to enter judgment in an amount not to exceed $5,000, increasing its jurisdiction as to relief to be granted from $2,000. If the Legislature has the power to do this, then there is no limitation upon its power to confer an unlimited jurisdiction upon that court within the locality of its jurisdiction; for, if the constitutional limitation contained in section 18 does not apply, then there is no restraint upon the power of the Legislature.

The only way to give effect to the constitutional amendment is to hold that it applies to all local inferior local courts whether existing or thereafter created. I can see no reason why the City Court should be excluded from this constitutional inhibition. That it had certain powers different or even greater than the County Courts in other respects, which it retains, does not justify us in disregarding the one limitation that is imposed by the Constitution as to amount beyond which jurisdiction cannot be conferred. Nor do I think we should attempt to defeat the plain intent and purpose of the Constitution by refinements of distinction between jurisdiction to hear and jurisdiction to determine. I appreciate that courts are reluctant to pronounce any act of the Legislature unconstitutional; but when it appears that an act of the Legislature does clearly contravene the spirit and letter of

the amendment to the Constitution, and tends to destroy the object and purpose of its adoption, courts should not by strained construction attempt to give validity to the legislative act. The act of 1911 is the first attempt to break through the constitutional amendment, and to build up a jurisdiction in an inferior local court greater in amount than the limitation therein prescribed. It seems to me our duty is plain, and should not be shirked or avoided, and chapter 569 of the Laws of 1911 should be declared unconstitutional and void.

The motion to reduce the judgment was properly denied, for the reason that the judgment was void. Gillin v. Canary, supra. The plaintiff under the circumstances of this case should be allowed either to elect to retry the action, and, if successful, take a judgment of $2,000, or to obtain a discontinuance, in order that he may prosecute his action in a court that would have power to give him full relief.

The order appealed from should be affirmed, and the judgment reversed, and a new trial granted. If I were not of opinion that the judgment was void, being in excess of the jurisdiction of the court, I would concur with Mr. Justice SEABURY that the judgment should be reduced by deducting $650 therefrom.