(69 App. Div. 254.)

RALLI v. PEARSALL.

(Supreme Court, Appellate Division, First Department. February 14, 1902.)

1. CITY COURT—JURISDICTION—LIMITATION OF RECOVERY.
   Code Civ. Proc. §§ 315, 316, providing that the city court of New York shall have jurisdiction of actions against natural persons where the complaint demands judgment for a sum of money, and that the judgment entered in such an action shall not exceed $2,000, does not deprive the court of jurisdiction in an action to recover a greater sum, and where an action on a note for over $4,000 was begun in the city court the pendency of such action was a bar to another action on the same note.

2. DISCONTINUANCE—DESTRUCTION OF COMPLAINT.
   Where plaintiff destroyed the complaint after an action had been begun, such action did not amount to a discontinuance, but left the action still pending.

Appeal from judgment on report of referee.

Action by Pandia C. Ralli against Paul S. Pearsall. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

S. P. Cahill, for appellant.
Jacob Halstead, for respondent.

INGRAHAM, J. The action was commenced to recover the amount of three promissory notes,—the first, dated July 12, 1900, whereby, 90 days after date, the defendant promised to pay to his own order $4,217.60; the second, dated October 10, 1900, for $150; and, the third, dated October 10, 1900, for $100. The answer admits the making of the notes; alleges that the two notes dated October 10, 1900, were without consideration, and given in pursuance of a usurious agreement by which the amount represented by the notes was to be paid for an extension of the time of payment of the note dated July 12, 1900, for 90 days; and alleges as a separate defense that there was another action pending between the plaintiff and the defendant to recover the amount agreed to be paid by the note dated July 12, 1900. The case was referred to a referee, and on the trial the defendant proved that on the 10th of October, when the two notes of October 10th were given, he went to the plaintiff to procure a renewal of the note of July 12, 1900; that the plaintiff told the defendant to sign the other notes,—that they were necessary to give to other parties in order to renew the note of July 12th; that an action was commenced in the city court on the 10th of October, 1900, whereby the plaintiff in this action sought to recover from the defendant the amount of the note of July 12, 1900. There was a stipulation in that action dated October 10, 1900, signed by the parties, as follows:

"This action having been commenced by the service on the defendant this day of the summons and complaint, it is hereby stipulated on the part of the plaintiff that he will not enter judgment until after ninety days from date, and on the part of the defendant that he will not interpose any defense to this action."

The plaintiff in rebuttal proved that by a mistake the name of the city court was inserted in the title of that action; that at the expiration of the 90 days, at which time plaintiff was entitled, under the stipulation, to enter judgment, the plaintiff's attorney discovered the mistake; that he then tore up the summons and complaint in the city court action as useless, and commenced this action in the supreme court. The referee held that there was no consideration for the giving of the two notes dated October 10, 1900, and that they were obtained from the defendant on a usurious agreement for an extension of the first note, and that the defense of the pendency of the former action as to the note of July 12, 1900, was good, and dismissed the complaint.

We think the referee correctly disposed of the questions submitted to him. It is not disputed that the two notes of October 10th were given as a consideration for the extension of the payment of the note of July 12th, and by which the plaintiff exacted interest in excess of that allowed by law; and, as there was no other consideration for the notes, they could not be enforced. We also think that the action in the city court for the recovery of the amount of the note of July 12th was a good defense to the cause of action based on that note. In the action in the city court the defendant had stipulated that he would not interpose a defense, but would allow the plaintiff to take judgment unless the note was paid within 90 days. Upon the ex-

piration of that time the plaintiff was entitled to enter a judgment. The jurisdiction of the city court is fixed by section 315 of the Code which provides that:

"The jurisdiction of the city court of New York extends to the following cases: First an action against a natural person * * * when the complaint demands judgment for a sum of money."

This was such an action. Section 316, providing that the judgment entered in such an action shall not exceed $2,000, does not affect the jurisdiction of the court in an action to recover a greater sum. It has jurisdiction of the action, but the judgment cannot exceed the amount specified. There is a plain distinction between the provision of the Code affecting the city court of New York and the provisions of the constitution limiting the jurisdiction of the county courts to an action in which the complaint demands judgment for a sum not exceeding $2,000. As to such courts the jurisdiction of the court depends upon the amount demanded in the complaint; but as to the city court jurisdiction depends upon the nature of the demand of the complaint, and the limitation is as to the amount of the judgment that the court can award. Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410. If he had entered such a judgment in the city court for $2,000, it is clear that it would have been a bar to this action. The fact that the jurisdiction of the city court was so limited that he could enter judgment for a part of his claim, only, would not have changed the effect of a judgment in the city court action as a defense to an action subsequently brought to recover the balance due on the note. The fact that plaintiff destroyed the complaint in that action was not a discontinuance. The action was still pending and undetermined, and there is no reason why he would not now be entitled to enter the judgment provided for by the stipulation. The question presented in this case was decided by the supreme court in Bendernagle v. Cocks, 19 Wend. 207. There the court, after examining the authorities, says:

"The plea of a former judgment in an action for a part of such entire demand being valid as a plea in bar to the whole, it follows that a plea of the pendency of such an action is good in abatement for the whole. Both stand upon the same principle. The only difference lies in the form of the pleas and the effect of the judgments, respectively."

I do not find that this case has ever been questioned. In the Encyclopædia of Pleading and Practice (volume 1, p. 762) the rule is stated that "the identity of the matters involved must be such that a judgment in the first could be pleaded in bar as a former adjudication." As a judgment entered by the plaintiff in the city court action would have been a bar to this action upon the same note, the pendency of the city court action is good as a plea in abatement of this action.

It follows that the judgment appealed from should be affirmed, with costs. All concur.