(157 App. Div. 423.)

### SIEGEL v. CORVAN CO.

(Supreme Court, Appellate Division, First Department.  June 13, 1913.)

COURTS (§ 485*)—INFERIOR COURTS—JURISDICTION—TRANSFER OF CAUSES.

Code Civ. Proc. § 319a, added by Laws 1913, c. 210, requiring the Su-· preme Court to remove to itself an action in the City Court of the City of New York, where the complaint demands judgment for money exceeding $2,000, authorizes the transfer to the Supreme Court of causes pending in the City Court untried, and perhaps any that may subsequently be brought in the City Court by mistake, where the motion is made before trial, or which has been tried in reliance on the validity of the unconstitutional act enlarging the jurisdiction of the City Court to $5,000, where plaintiff prefers a new trial in the Supreme Court, rather than a judgment limited to $2,000; and the statute, if construed as authorizing the transfer to the Supreme Court of an action which has been tried in the City Court for the sole purpose of rendering judgment on the verdict rendered in the City Court in excess of $2,000, is unconstitutional.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1292–1298; Dec. Dig. § 485.*]

Appeal from Special Term, New York County.

Action by Eva Siegel against the Corvan Company. From an order transferring the cause from the City Court of New York to the Supreme Court, in so far as the order directs that the case be placed upon the proper calendar of the Supreme Court, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Moses Feltenstein, of New York City (Abraham Rosenstein, of New York City, on the brief), for appellant.

Raymond D. Fuller, of New York City, for respondent.

LAUGHLIN, J. This action was commenced in the City Court on the 27th day of November, 1911, to recover the sum of $5,000 for personal injuries. It was tried in the City Court, and on the 30th of January, 1913, a verdict was rendered therein in favor of the plaintiff for the sum of $5,000. The entry of judgment was deferred, evidently on account of the decision in Lewkowicz v. Queen Aëroplane Co., 154 App. Div. 142, 138 N. Y. Supp. 983, affirmed 207 N. Y. 290, 100 N. E.

796, by which it was held that the City Court was without jurisdiction to enter a judgment for more than $2,000, and that the Legislature could not confer jurisdiction upon it to grant judgment for a greater amount, and that chapter 569 of the Laws of 1911, designed to extend its jurisdiction to enter judgment for $5,000, was unconstitutional. The Legislature thereupon enacted chapter 210 of the Laws of 1913, which took effect immediately, and added section 319a to the Code of Civil Procedure, as follows:

"The Supreme Court, at a term held in the First judicial district, must, on the motion of any party, by an order made at any time before the entry of judgment, remove to itself an action brought in the City Court of the City of New York in the following cases:

"1. An action to foreclose or enforce a lien, for a sum exceeding two thousand dollars, exclusive of interest, upon one or more chattels.

"2. An action wherein the complaint demands judgment for a sum of money only, exceeding two thousand dollars, exclusive of interest and costs as taxed, except where the action is brought upon a bond or undertaking given in an action or special proceeding in the same court, or before a justice thereof, or where it is a marine cause, as that expression is defined in section three hundred and seventeen of the Code.

"3. An action to recover upon one or more chattels the aggregate value of which exceeds two thousand dollars.

"Upon the entry of the order of removal in the office of the clerk of the county of New York, the City Court shall proceed no further therein, and the clerk of the City Court must forthwith deliver to the clerk of the county of New York all papers filed therein, and certified copies of all minutes and entries relating thereto, which must be filed, entered or recorded, as the case requires, in the office of the clerk of the county of New York, and thereupon the Supreme Court shall proceed in said action as though said action had been commenced in said Supreme Court, and all proceedings had in the City Court prior to the entry of said order shall be of like force and effect as though had in the Supreme Court."

Thereafter, and on the 26th day of April, 1913, on motion duly made by the plaintiff pursuant to this new section, the action was transferred to the Supreme Court.

The point presented by the appeal is whether the plaintiff, on having the case transferred to the Supreme Court, is entitled to retain the benefit of the trial in the City Court, or whether the action must be retried de novo. Counsel for the plaintiff relies upon the letter of the statute, and contends that it relates merely to procedure, and that, therefore, it was competent for the Legislature to make it retroactive, and that it is only necessary for him to make an appropriate motion for leave to enter judgment on the verdict. It was held in Lewkowicz v. Queen Aëroplane Co., supra, that the Legislature, prior to the adoption of the Constitution of 1894, by which it was prohibited from creating any inferior court with greater jurisdiction than that conferred on County Courts by the Constitution, had, within its constitutional power, conferred jurisdiction upon the City Court *by the subject-matter of actions,* instead of limiting its jurisdiction by the *amount demanded in the complaint,* and had merely limited the jurisdiction of that court with respect to the *amount* for which a judgment could be entered. See, also, Ralli v. Pearsall, 69 App. Div. 254, 74 N. Y. Supp. 620; Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410; Roof v. Meyer, 8 Civ. Proc. R. 60. There is, therefore, some room for argu-

ment that the City Court had jurisdiction to try the action and to re-
ceive·a verdict for more than $2,000 therein, and that the only disability
is with respect to the entry of judgment on the verdict; and doubt-
less that is the theory upon which counsel for 'the appellant expects
to have judgment entered in the Supreme Court upon the verdict ren-
dered in the City Court, but he does not develop his theory further than
by stating that the new statute relates to procedure only.

The jurisdiction of the County Court depended upon the amount
demanded in the complaint, and so, upon the service of the complaint,
it can be seen whether or not the court had jurisdiction (Const. art. 6,
§ 14; Heffron v. Jennings, supra); but the jurisdiction of the City
Court was not affected by the amount demanded, it could proceed with
the action until it came to enter judgment, when it was confined, prior
to the Constitution of 1894, to entering a judgment for $2,000. The
court in Lewkowicz v. Queen Aëroplane Co., supra, decided that the
jurisdiction of the court with respect to the amount for which judg-
ment may be entered cannot be enlarged. While it has frequently been
stated in judicial opinions that the jurisdiction of the City Court is
not affected by the amount involved, its jurisdiction to enter judgment
was always limited, so that practically it was confined to *jurisdiction
of the action* to the extent of the amount for which it had jurisdiction
to enter judgment, or, in other words, to jurisdiction of the action as
one for that amount. It cannot be that a defendant can be summoned
into a court with jurisdiction to enter a judgment for not more than
$2,000, and be compelled to defend an action in which a judgment is
demanded for perhaps $1,000,000, at the risk of having a decision
made or a verdict rendered against him for the amount for which
judgment is demanded, and of having such decision or verdict become
effective by legislation subsequently enacted transferring the case to a
court competent to enter a larger judgment.

I am of opinion that a defendant in an action in the City Court may
suffer default or proceed with the trial of the case in full reliance, not
only that no judgment can be entered in that court upon a decision or
verdict for a greater amount than the jurisdiction of the court, but also
that no decision can be made or verdict rendered *upon which* the plain-
tiff may ever become entitled to recover of the defendant in any court
a judgment for a greater sum than that for which the court in which
the trial is had has jurisdiction to enter judgment. While the trial
and decision or verdict stand, the plaintiff is deemed to have waived
or relinquished his claim or cause of action in so far as the same is in
excess of the jurisdiction of the court to award him relief. Doubtless
it was competent for the Legislature to authorize the court to relieve
a party from such waiver or relinquishment and to regulate the method
of accomplishing that result; and it has attempted to do so by author-
izing the transfer of actions to the Supreme Court. If the contention
of the appellant should prevail, the adjudication with respect to the
jurisdiction of the City Court would become abortive, and actions
might still be brought and tried in that court, and transferred to this
court after decision or verdict, for the purpose of having judgment
entered thereon; and thus what the City Court could not do, owing

to the fact that it is a local court of inferior jurisdiction, would be accomplished as matter of course, without the exercise of any judicial discretion, by a mere formal application to the Supreme Court for an order which it would be the mandatory duty of the court to grant.

If the statute in question requires that construction, it would, to that extent at least, be unconstitutional. In order to sustain the statute it should be construed as authorizing only what it was competent for the Legislature to authorize in the premises. Therefore it should be given effect as authorizing the transfer to the Supreme Court of causes which were pending in the City Court untried, and perhaps any that may hereafter be brought in that court by mistake, where the motion is made before trial, or which had been tried in reliance upon the validity of the enactment, which has been declared unconstitutional, enlarging the jurisdiction of the City Court so as to authorize the entry of a judgment for $5,000, where the plaintiff prefers to have a new trial in the Supreme Court, rather than to have his judgment limited to $2,000. The learned court at Special Term was therefore right in directing that the cause be placed upon the calendar.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.