(82 Misc. Rep. 405.)

### LICKERMAN v. MOTCHAN.

(Supreme Court, Appellate Term, First Department.   October 23, 1913.)

COURTS (§ 169*)—STATE COURTS—NEW YORK CITY COURT—JURISDICTION.

The New York City Court has jurisdiction of an action wherein the complaint demands judgment for a greater sum than $2,000, with interest and costs, even though a judgment in excess of that amount cannot be entered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

Appeal from City Court of New York, Special Term.

Action by Frank Lickerman, an infant, by Sarah Kirschenbein, his guardian ad litem, against Louis Motchan. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Edward J. Walsh, of New York City, for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

SEABURY, J.   The complaint states a cause of action, and demands judgment for $5,000.   The defendant demurred—

"on the ground that the jurisdiction of the court is limited to actions where the sum claimed does not exceed $2,000, and that it appears upon the face of the amended complaint herein that the sum demanded in damages is the sum of $5,000."

The court below properly overruled the demurrer. It has been uniformly held that the City Court has jurisdiction of an action wherein the complaint demands judgment for a greater sum than $2,000, with interest and costs, although a judgment for a sum in excess of that amount cannot be entered. Ralli v. Pearsall, 69 App. Div. 254, 74 N. Y. Supp. 620. The case of Lewkowicz v. Queen Aëroplane Co., 154 App. Div. 142, 138 N. Y. Supp. 983, Id. 207 N. Y. 290, 100 N. E. 796, has in no way changed this rule.

Interlocutory judgment affirmed, with costs, with leave to defendant to answer within six days after service of a copy of the order entered herewith, with notice of entry in the City Court, upon payment of costs in this court and the court below. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes