(83 Misc. Rep. 409)

### SEELEY et al. v. OSBORNE.

(Supreme Court, Appellate Term, First Department.   December 26, 1913.)

1. COURTS (§ 188*)—JURISDICTION OF CITY COURT.

The City Court of the City of New York has jurisdiction of an action at law to recover more than $2,000, but cannot enter judgment thereon for more than $2,000 besides costs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE—CORRECTION BY APPELLATE TERM.

Under Code Civ. Proc. § 1317, as amended by Laws 1912, c. 380, authorizing the Appellate Term to direct such judgment upon appeal from a judgment entered after a trial by the court as the trial court should have done, the power to do justice by awarding such judgment is not limited by whether or not any formal motion therefor was made or any conclusion of the law requesting such relief was submitted at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

3. JUDGMENT (§ 609*)—CONCLUSIVENESS—MATTERS CONCLUDED.

Judgment for plaintiff in an action to recover damages for fraud in inducing him to enter into a contract for the purchase of stock was not a bar to plaintiff's cause of action for failure to carry out certain provisions of the contract not arising until after an entry of judgment in the former action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1121, 1122; Dec. Dig. § 609.*]

Appeal from City Court of New York, Trial Term.

Action by Lewis S. Seeley and another against Dean C. Osborne. On reargument of an appeal by defendant from a judgment entered in favor of the plaintiffs for $4,042.15 after a trial by the court without a jury.   Modified and affirmed.

Argued April term, 1913, before GUY and PAGE, JJ.

Alexander Thain, of New York City (William F. MacRae, of New York City, of counsel), for appellant.

Wentworth, Lowenstein & Stern, of New York City (Louis Lowenstein, of New York City, of counsel), for respondents.

GUY, J.   This action was brought to recover for the breach of a contract by which defendant, in consideration of the transfer to him by plaintiffs of 45 shares of the stock of the Dentists' Supply Company, agreed to cause the Dentists' Supply Company to sell and deliver to plaintiffs at their option and request at any time thereafter 10,000 sets of artificial teeth at 45 cents per set.   The contract was executed in September, 1903.   The breach assigned is that the Dentists' Supply Company only sold and delivered 2,170 sets of teeth, and refused to sell and deliver the remaining 7,830 sets.

The defense is substantially a general denial, the recovery of a prior judgment for fraud in entering into the alleged contract for $7,500 damages, besides costs, and the statute of limitations.

On February 19, 1907, plaintiffs recovered judgment against de-

fendant for $7,670.25, in an action to recover damages for false representations as to the value of certain stock which was part of the purchase price of plaintiffs' stock. The gravamen of the false representations was that defendant also agreed to and did transfer 1,200 $25 shares of the stock of the Butterick Painless Dental Company to plaintiffs, upon his false representation that it was worth $15,500, which sum defendant promised and agreed to pay six months thereafter; that the Butterick stock was only worth $5,000, and defendant neglected to pay the sum of $15,500 when plaintiffs tendered back the Butterick stock. Such judgment was affirmed. Seeley v. Osborne, 123 App. Div. 908, 107 N. Y. Supp. 1145, affirmed 195 N. Y. 536, 88 N. E. 1131. The defendant did not, either in his proposed findings or by motion on the trial, raise the point that the City Court had no jurisdiction to award judgment for more than $2,000 besides costs.

[1] The City Court had jurisdiction to entertain an action at law to recover more than $2,000, but it could enter judgment therein for no more than $2,000 besides costs. Ralli v. Pearsall, 69 App. Div. 254, 257, 74 N. Y. Supp. 620; Lewkowicz v. Queen Aeroplane Co., 154 App. Div. 142, 154–156, 138 N. Y. Supp. 983, affirmed 207 N. Y. 290, 100 N. E. 796.

[2] Since the amendment of section 1317 of the Code in 1912 conferring upon the Appellate Term the power to direct such judgment upon appeal from a judgment entered after a trial by the court, "as the trial court should have done" (Bonnette v. Molloy, 209 N. Y. 167, 171, 172, 102 N. E. 559), the power of the Appellate Term to do justice by awarding such relief as the trial court should have awarded is not limited by the question whether or not any formal motion for such relief was made or any conclusion of law requesting such relief was submitted at the trial. To hold otherwise would substitute procedure for justice, contrary to the spirit and intent of section 1317.

[3] The former action in the Supreme Court was not an action to rescind the contract, but to recover damages for fraud in inducing plaintiff to enter into said contract. The present cause of action for failure to carry out certain provisions of the contract did not arise until after the entry of judgment in the former action. The defense that the judgment in the former action is a bar to the bringing of this action is therefore without merit. All other questions involved were disposed of on the previous consideration of the action. No sufficient ground is presented for altering the previously announced decision.

The judgment should be modified by reducing it to the amount allowed by statute to be recovered in the City Court and, as so reduced, affirmed, without costs upon this appeal or upon the reargument.

PAGE, J., concurs.