The judgment is therefore modified by reducing it to $1,861.05 and, as. thus modified, affirmed without costs to either party. Settle order on notice. All concur.

(162 App. Div. 140)

### MARGIES v. CLYDE S. S. CO. (No. 5690.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. TRIAL (§ 251*)—INSTRUCTION—APPLICABILITY TO EVIDENCE.

Where the evidence on behalf of a servant failed to establish any one of the acts of negligence charged against his employer, an instruction that, if the jury believed the servant's evidence that the accident was caused by the negligent act of the master, their verdict should be in his favor, was erroneous, as telling the jury the servant might recover if his evidence was true, and not submitting to the jury the question whether the master was guilty of any negligent act or omission, which rendered it liable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. MASTER AND SERVANT (§ 287*)—INJURIES TO SERVANT—INSTRUCTION—NEGLIGENCE OF FELLOW SERVANT.

Where the evidence showed that the negligence which caused the accident was the negligence of plaintiff's fellow servant, and not that of his master, it was error to refuse to submit to the jury the question whether the accident was the result solely of the negligence of a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1034, 1045, 1051, 1052, 1054–1067; Dec. Dig. § 287.*]

Appeal from Appellate Term, First Department.

Action by John Margies against the Clyde Steamship Company. Judgment for the plaintiff, and defendant appeals. Reversed, and new trial ordered.

See, also, 160 App. Div. 881, 144 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

J. A. Hatch, of New York City, for appellant.
J. F. O'Neill, of New York City, for respondent.

DOWLING, J. Plaintiff has recovered a judgment in the sum of $2,000 for damages sustained through alleged negligence on the part of the defendant. By their verdict the jury accepted the plaintiff's version of the occurrence through which he was injured, which was that on February 3, 1912, while in the employ of the defendant at Pier 36, North River, in the city of New York, he was engaged in rolling hay on the canal boat Albert C. Hall; the hay being piled thereon in tiers to the height of about seven feet. Plaintiff went to work on the boat at 6 o'clock in the morning, and the accident occurred about 9 o'clock, at which time the bales were at the maximum height of about seven feet at both ends of the boat, while the middle thereof was empty. Workmen were engaged on the top of the tiers, throwing down the bales to the deck level, when the plaintiff's duty was to roll those bales towards a point where other workmen were trans-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ferring the bales from the foot of skids extending from the canal boat to the pier, whence they rolled them over to the steamship Comanche, upon which they were being delivered. Two men placed the bales on the trucks, one standing on either side of the skid, and it was to these two men that plaintiff was rolling the bales. The bale which fell upon him from the upper tier fell upon his foot, as he testified, and caused the injuries in question.

[1] Assuming that the accident occurred in the manner described by the plaintiff and his witnesses, and not as described by the defendant's witnesses, we are of the opinion that the plaintiff has failed to establish any act of negligence upon the part of the defendant, and that whatever negligence is chargeable was that of a fellow servant of the plaintiff. The plaintiff charged six specific negligent acts upon the part of defendant, no one of which was established by proof upon the trial; nor are we able to discover from the record what the particular act of negligence was which the jury found the defendant had been guilty of. The trial court charged:

"If, after you have considered the evidence, you believe the version of this accident as told you by the plaintiff and his witnesses, that his injuries were caused by the careless and negligent act of the defendant in unloading this hay, and in the manner that he has described, then your verdict will be in his favor."

This charge could have meant no more than that, if the jury believed the story of the plaintiff and his witnesses as to how the accident occurred, the plaintiff was entitled to recover, and submitted no question for the consideration of the jury as to what the act of negligence was which caused the happening, nor what act of omission or commission upon the part of the defendant made it liable to the plaintiff.

[2] The record discloses no proof sustaining any claim of negligence, and error was committed in refusing to submit to the jury the question of whether the accident was the result solely of the negligence of a fellow servant.

It follows, therefore, that the determination of the Appellate Term and the judgment of the City Court must be reversed; and while, upon this record, there is no proof of the defendant's negligence, as it may be possible for the plaintiff to furnish additional evidence, a new trial is directed, with costs to the appellant to abide the event. All concur.