should find courage in judicial action, that one provision of law may be ignored while another and different provision shall be enforced. It must be assumed that the board of police commissioners discharged its duty as it saw it, and the Appellate Division is the proper tribunal to review its acts. I am in accord with the reasoning as laid down in People ex rel. Croker v. Sturgis, 39 Misc. Rep. 448, also reported in 80 N. Y. Supp. 194.

The writ may issue. The stay is denied, except, if necessary, further action by the board of police commissioners may be stayed until the final determination of the Appellate Division, and in no event shall such stay be construed to effect the restoration of petitioner to duty or salary.

---

MARGIES v. CLYDE S. S. CO.   (No. 6415.)

(Supreme Court, Appellate Division, First Department.   November 20, 1914.)

1. COURTS (§ 169*)—CITY COURT—TRANSFER TO SUPREME COURT.

Plaintiff brought action in the City Court to recover $5,000 before Laws 1911, c. 569, purporting to increase the jurisdiction of that court from $2,000 to $5,000, had been declared unconstitutional, and had a trial after that decision, in which his recovery was limited to $2,000, for which amount he recovered judgment at a time when there was no authority for transferring the action from the City Court to the Supreme Court. Thereafter Laws 1913, c. 210, adding section 319a to the Code of Civil Procedure, was enacted, authorizing the transfer of causes from the City Court to the Supreme Court where the complaint demands judgment for money in excess of $2,000, but in the meantime defendant had appealed to the Appellate Division, where he secured a reversal and a new trial. *Held*, that the case was transferable to the Supreme Court as an action involving $5,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465 ; Dec. Dig. § 169.*]

2. COURTS (§ 486*)—CITY COURT—TRANSFER TO SUPREME COURT—CONSTITUTIONALITY OF STATUTE.

Laws 1913, c. 210, adding section 319a to the Code of Civil Procedure, authorizing the Supreme Court on motion of any party to remove to itself an action brought in the City Court of the City of New York wherein the complaint demanded judgment for money exceeding $2,000, and after removal to proceed as though the action had been begun in that court, was valid, in so far as it authorized the transfer of an action to recover $5,000, commenced in the City Court, in which the recovery had been limited to $2,000, but in which the judgment had been reversed on the appeal of the defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1299–1305 ; Dec. Dig. § 486.*]

Appeal from Special Term, New York County.

Action by John Margies against the Clyde Steamship Company. From an order transferring the action from the City Court of New York to the Supreme Court, defendant appeals. Affirmed.

See, also, 162 App. Div. 140, 147 N. Y. Supp. 262.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wharton Poor, of North Flushing, for appellant.
H. G. McDowell, of New York City, for respondent.

LAUGHLIN, J.   This is an action to recover $5,000 for personal injuries alleged to have been caused by the negligence of the defendant.   It was commenced in the City Court before chapter 569 of the Laws of 1911, which purported to increase the jurisdiction of that court to $5,000, had been declared unconstitutional and void.   See Lewkowicz v. Queen Aeroplane Co., 154 App. Div. 142, 138 N. Y. Supp. 983.   But the action was tried in the City Court on February . 21, 1913, which was after the decision.   The trial court confined the recovery to $2,000, and plaintiff recovered a verdict for that amount, upon which judgment was entered on the 3d day of March, 1913. .

[1] At that time there was no authority for transferring the action from the City Court to the Supreme Court, and the plaintiff's only course was to proceed in the court of limited jurisdiction or subject himself to costs, and possibly to the defense of the statute of limitations, if he applied for a discontinuance or submitted to a nonsuit. Shortly after the entry of the judgment, and on the 14th of April, 1913, the Legislature enacted chapter 210 of the Laws of that year, which added section 319a to the Code of Civil Procedure, authorizing the transfer of causes from the City Court to the Supreme Court.   In the meantime the defendant had appealed to the Appellate Term, and on· affirmance there an appeal was taken to this court, and on the 14th day of May, 1914, we reversed the judgment and granted a new trial.   162 App. Div. 140, 147 N. Y. Supp. 262.   We are of opinion that the defendant, in appealing and seeking a reversal of the judgment, took the risk of having the case transferred to the Supreme Court, and having the limitation of the amount of the recovery eliminated in the event that it succeeded, as it did, in having the judgment vacated and a new trial granted.

[2] We had occasion to consider the validity and effect of the statute authorizing the transfer of cases from the City Court to the Supreme Court in Siegel v. Corvan Co., 157 App. Div. 423, 142 N. Y. Supp. 267, and we construed and sustained it; but we did not then construe it with respect to the point now presented for decision.   We have no doubt, however, that it was competent for the Legislature to authorize the transfer of a cause in the circumstances presented by this appeal, and we think it has done so.

It follows that the order should be affirmed, with $10 costs and disbursements.   All concur.