Feasts: A. Gcjlotta, J.
There are four plaintiffs in this action, the claim of no single one being worth, in the court’s opinion, in excess of the $6,000 jurisdiction of the District Court. It would seem therefore that the case is not an appropriate one for a rule 4A preference.
Whether the four cases in the aggregate may result in the recovery of a greater sum, need not prevent a transfer to the lower court, since so far as a judgment is concerned, section 160 of the Nassau County District Court Act (L. 1939, ch. 274 as amd.) states: “ Within the limits of jurisdiction defined in this act, the court shall have power to render any judgment that is consistent with the case made by the pleadings and embraced within the issues.” Section 1, which deals with civil jurisdiction, confers same as to negligence actions “ when the amount claimed in the summons does not exceed six thousand dollars exclusive of interest and costs ”.
The summons in this case does not offend against this section, since it is in the form of a Supreme Court summons and specifies no amount.
The complaint, if it indeed has any relevancy in this connection, contains separate “ wherefore ” clauses as to each plaintiff.
If it were deemed necessary, it would be possible to transfer this case to a lower court as four separate actions, in order to have it tried in the forum where it belongs, but for reasons hereinafter explained, this court does not regard such a cumbersome procedure to be required.
Aside from what the District Court Act itself states, the Judiciary article of the Constitution (art. VI, § 18) which is the source of power for the District Court, provides that inferior local courts may not have conferred on them greater jurisdiction than the County Court. Section 11 of article VT measures that jurisdiction by the amount demanded in the complaint, as does section 67 of the Civil Practice Act.
In Heffron v. Jennings (66 App. Div. 443 [1901]), it was held that a complaint demanding judgment for $5,000 in a County Court action which exceeded the $2,000 jurisdiction limit of that time, served with the summons, deprived the court of jurisdiction and could not be amended.
In Ralli v. Pearsall (69 App. Div. 254 [1902]), it was pointed out that the rule was different in the City Court, because the limitation there was upon the amount of the judgment (Code Civ. Pro., § 316) and not upon the amount demanded in the *479 complaint (Code Civ. Pro., § 315). There was no constitutional limit on amount.
Since then, section 15, article VI of the Constitution has been amended and has adopted the same test for jurisdiction of the City Court as has always applied to the County Court, and thus by force of the cross reference to the District Court.
Nevertheless it was held in Spetler v. Jogel Realty Co. (224 App. Div. 612 [1928]) in a City Court ease that a complaint which contained four causes of action, each for the jurisdictional limit of that court, was to be considered as four separate complaints for the purposes of jurisdiction, and unobjectional so long as no single one demanded judgment for an excessive amount. (See 1 Carmody-Wait, New York Practice, p. 116.) This case was followed in the Second Department in Merton v. Queens Rental Corp. (241 App. Div. 831).
At the time of these decisions, the constitutional provision governing the jurisdiction of the City Court and section 16 of the City Court Act already had been changed to agree with that governing the County Court, and therefore we are justified in concluding that they are authority for the proposition that that is now the rule for both the County Court and District Court, although no reported case appears to have considered the matter as to these courts.
Therefore, the application for a rule 4-A preference is denied.