REBECCA VAN ETTEN, Appellant, *v.* JOHN E. VAN ETTEN, Respondent.

*Action for rent, in a Justice's Court — allegation of ownership by the defendant — question of title.*

When, in an action brought in a Justice's Court to recover rent, the defendant alleges in his answer that he is the owner in fee of the premises, title to real property is brought in question.

When a defendant's answer, in a Justice's Court, shows that the title to real property is brought in question, and the defendant delivers to the justice the undertaking required to remove the case, the action is *ipso facto* discontinued, the justice is ousted of jurisdiction, and any judgment he may render is a nullity (Code Civ. Pro. §§ 2951, *et seq.*).

A tenant is not precluded, in an action for rent, from showing that since the execution of the lease he has acquired a title superior to that of the lessor or has acquired the lessor's title.

APPEAL by the plaintiff, Rebecca Van Etten, from a judgment of the County Court of Ulster county, entered in the office of the clerk of that county on the 21st day of January, 1893, in favor of the defendant, reversing, upon appeal, a judgment of a Justice's Court in favor of the plaintiff.

*George Van Etten*, for the appellant.

*J. E. & J. G. Van Etten*, for the respondent.

HERRICK, J.:

It seems to me that title was plainly made an issue in the case by the defendant's answer, and that the judgment of the County Court is correct.

The reasons for reversal of the judgment of the Justice Court were satisfactorily and sufficiently set forth in the opinion of the county judge, and I can see no reason for any further opinion.

Let the judgment of the County Court be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.

The following is the opinion of the county judge:

CLEARWATER, J. :

The plaintiff brought suit in the court below and alleged that on the 1st day of April, 1884, she let and rented to the defendant as her tenant, a farm in the towns of Hurley and Kingston for the term of one year at a rental of fifty dollars, payable at the end of the term, she reserving the right to cut and remove firewood and fencing material.

That the defendant entered into the enjoyment of the demised premises under the lease, and has continued in possession since that time under implied contracts of a renewal of the lease on the same terms from year to year, paying each year the annual rent of fifty dollars, except the rent for the year ending April 1, 1892, which he refuses to pay.

The defendant, in addition to a general denial, pleaded that he is the owner in fee of the premises for the rent of which the plaintiff sues, and that, therefore, the title to real property would come in question, and tendered with his plea the bond required by statute to remove the case to this or the Supreme Court.

The justice held the bond to be of proper form and the surety amply sufficient, but refused to dismiss the case and proceeded with the trial, rendering judgment in favor of the plaintiff for the amount claimed, with costs.

The defendant appeals, and the only question presented for review is this ruling of the court below.

It is provided by section 2951 of the Code of Civil Procedure that " The defendant may, either with or without other matter of defense, set forth in his answer facts showing that the title to real property will come in question. Such answer must be in writing, and it must be signed by the defendant, or his attorney or agent, and delivered to the justice. The justice must thereupon countersign the answer and deliver it to the plaintiff."

Section 2952 provides for the giving of the undertaking, which it is admitted was furnished by the defendant.

Section 2954 provides : " Upon the delivery of the undertaking to the justice the action before him is discontinued, and each party must pay his own costs. The costs so paid by either party must be allowed to him if he recovers costs in the new action to be brought as prescribed in the last two sections."

It will thus be seen that upon the defendant's setting forth in his answer facts showing that the title to real property will come in question and delivering to the justice the undertaking required by the last section, the action is *ipso facto* discontinued, the justice is ousted of jurisdiction, and any judgment he may render is a nullity.

The plaintiff urges on this appeal that the defendant, having originally leased the demised premises from the plaintiff, is estopped from denying her title. That is unquestionably so, unless the defendant, since the execution of the lease, has acquired a title superior to that of his lessor, or has acquired her title. But it is exactly this fact which the defendant has the right to show in bar of the plaintiff's suit, for it is clear that when the relation of landlord and tenant has existed, and the tenant ceases to hold under the lease, there is no estoppel. Nor is a tenant precluded from showing that the title of his landlord has terminated since the commencement of the tenancy. He cannot, of course, deny that the person by whom he was let into possession had title at that time, but he may show that such title has determined. This can be done in various ways. For instance, by an actual eviction, by title paramount, by descent cast, by devise, by purchase, by grant, or by judicial sale, all of which questions are of too grave a character to be determined by a justice of the peace. The Legislature, therefore, has wisely deprived such magistrates of jurisdiction in these cases.

The justice should have dismissed the case as directed by the statute, and his refusal to do so was error, for which the judgment must be reversed.