(26 Civ. Proc. R. 230; 15 App. Div. 594.)

GILLIN v. CANARY.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

ACTIONS—CONSOLIDATION—EXCEEDING JURISDICTIONAL AMOUNT.

Actions in the city court of New York, involving amounts which aggregate more than $2,000, to which sum the jurisdiction of the said court is limited by Code Civ. Proc. § 316, cannot be consolidated under Code Civ. Proc. § 817 (applicable to all courts of record), authorizing the consolidation of actions pending in the same court.

Appeal from city court of New York.

Action by Robert F. Gillin against Thomas Canary on promissory notes. From an affirmance of the judgment in favor of plaintiff (41 N. Y. Supp. 1116), defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Joseph C. Rosenbaum, for appellant.

Oppenheim & Severance (W. F. Severance, of counsel), for respondent.

McADAM, J.    The plaintiff brought two actions in the city court against the defendant, each to recover the sum of $2,000 on promissory notes.    The defendant applied for and obtained an order consolidating the actions, and the trial resulted in a judgment in favor of the plaintiff for $4,227.50.

The first point made by the defendant is that by section 316 of the Code of Civil Procedure the jurisdiction of the city court in actions like the present is limited to "and cannot exceed two thousand dollars, exclusive of interest, and costs as taxed."    The plaintiff seeks to avoid this objection by contending that section 817 of the Code (made applicable to all courts of record), which provides that actions pending in the same court may be joined into one action, authorized the order for consolidation that was made, and justified the recovery had.    The infirmity of this argument is that the power conferred by section 817 is ancillary only to section 315, which confers jurisdiction upon the city court, and to section 316, which regulates it.    In other words, section 817 merely furnishes one of the means to attain the end in view; that is, a recovery not exceeding $2,000, with interest, and so forth.    Section 817 neither in express terms nor by necessary implication warrants a larger recovery in case of consolidation than that limited by section 316.    For this reason it is said that "the rule in regard to consolidation should not be applied to suits brought in courts whose jurisdiction is limited to a certain sum, because its effect might be, by uniting two causes of action in one suit, to take away the jurisdiction of the court."    4 Enc. Pl. & Prac. 678.    The question was considered in Epstin v. Levenson, 79 Ga. 718, 4 S. E. 328; Gerding v. Anderson, 64 Ga. 304; Bank v. Goolsby, 35 Ga. 82; Parrot v. Green, 1 McCord, 531,—where it was held proper to deny applications for consolidation when the aggregate amount carried the demand beyond the monetary limitation under which the court acted, upon the ground that the effect would be to oust it of jurisdiction. The legal effect of consolidation is to turn two or more actions into one, and the chief ground for the union is that the plaintiff should have brought but one action.

In Bank v. Strong, 9 Wend. 451, the defendant moved to consolidate two suits prosecuted against him on promissory notes.    The motion was granted, and the defendant asked for costs of motion.    Nelson, J., said:

"It has not been usual to allow costs on such motions, and none will be granted in this case. But, for the future, costs will be granted, * * * unless a satisfactory reason is shown for bringing two suits, where the whole demands might have been embraced in one suit."

If it had been intended that in case of consolidation the limitation imposed by section 316 should not apply, there naturally would have been incorporated therein some language excepting actions consolidated from its operation.    Consolidation is a mere prelude to the trial, resulting, as it does, in uniting two or more actions, which thenceforth are one, and, as one action only must be tried, that it may terminate in a judgment (Code, § 1200) which, in the city court, by force of the prohibition of section 316, "cannot exceed" $2,000, with interest and costs.    The plaintiff's construction separates section 817

from the special provisions regulating the jurisdiction of the city court, on the assumption that it contains within itself everything necessary to its execution as an independent enactment,—a position wholly unwarranted. Lyon v. Railway Co., 142 N. Y., at page 303, 37 N. E., at page 113. The obvious intention was that consolidation might be directed when it could be had consistently with sections 315 and 316, that the various provisions might work in harmony, each in aid of the other. It cannot be assumed that the general provision which makes section 817 applicable to the city court was intended to overleap the special provisions so carefully guarded by section 316. McCartee v. Society, 9 Cow., at page 507. The rule applicable to inferior courts is to be liberal in reviewing their ordinary procedure in actions, and strict in holding them to the exact limits of jurisdiction prescribed by statute, for in their organic power they take nothing by implication. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions. It is, therefore, an established rule of law that all acts in pari materia are to be taken together, as if they were one law; and they are directed to be compared in the construction of statutes, because they are considered as framed on one system, and having one object in view. Potter, Dwar. St. 189; 23 Am. & Eng. Enc. Law, 311–314; End. Interp. St. § 43. Every part of the statute must be viewed in connection with the whole, so as to make all its parts harmonize, and give a sensible and intelligent effect to each. People v. Hyde, 89 N. Y. 11. "All acts in pari materia," said Lord Mansfield, "are to be taken together, as if they were in one law." "Where," he remarked on another occasion, "there are different statutes in pari materia, * * * they are to be taken and construed as one system, and as explanatory of each other." Sedg. St. & Const. Law, 247. When a question arises as to the intent of the legislature, acts in pari materia, passed previously or subsequently, and contemporaneous legislation, although not precisely in pari materia, may be considered. People v. England, 91 Hun, 152, 36 N. Y. Supp. 534.

In People v. Gaul, 44 Barb., at page 103, the court said:

"I need not cite authorities to show that in construing a statute all the provisions must be taken into consideration, and not any separate section, or part of a section. It is in that way only that you can learn the spirit and purpose of the act. This rule of construction is as old as time, and will live as long."

See, also, People v. Butler, 147 N. Y. 164, 41 N. E. 416.

"It is a sound rule of legal construction, as well as of literary criticism, that every part—nay, every word—of a statute or a written instrument shall, if possible, have effect. 'One part of a statute must be so construed by another that the whole may, if possible, stand ut res magis valeat quam pereat.'" People v. Draper, 15 N. Y., at page 567.

The language of every enactment must be so construed as to be consistent with every other which it does not in express terms modify or repeal. The law, therefore, will not allow the vacation or alteration of a statute by construction when the words may have their proper operation without it. End. St. Law, pp. 251, 252. So considered, sections 316 and 817 must be so interpreted that the ancillary

practice authorized by the latter shall in no manner conflict with the organic system established by the former, for in no other way can harmonious effect be given, as required by the canon of construction referred to. The rule is further illustrated in Ansonia Brass & Copper Co. v. New Lamp-Chimney Co., 53 N. Y., at page 125, wherein the court, in construing the bankruptcy act, said:

"This twenty-first section may not stand alone. It is to be read and applied in connection with every other section of the act. All must have their due and conjoint effect. Each must be so far qualified and limited by each other as that all may have operation in harmony, if so it may be. And each must be kept in subservience to the general intent of the whole enactment."

The chief purpose of the legislature was the establishment of a local court with a defined and limited jurisdiction, which, in the language of section 316, "cannot exceed two thousand dollars, exclusive of interest, and costs as taxed"; and in making section 817 applicable it was intended that up to this limit consolidation might, in proper cases, be ordered. See Const. art. 6, §§ 14, 18. To go further would infringe upon the legislative design, and, in effect, hold that in all cases to which section 817 could be applied the court might render judgment to an amount restricted only by the pleadings and proofs, and that the limitation so carefully expressed in section 316 was meaningless, or repealed by mere implication. We cannot adopt such a course. Sedg. St. Lim. (2d Ed., Pom. Notes) 105, 106.

Sections 315 and 316 are special in their character, applying exclusively to the city court, and it is by force only of the general provisions of section 3347, subd. 6, making sections 817 to 819, inclusive, applicable "to all courts of record," that the city court acquired even the power to consolidate. There is not a word or suggestion in that general provision which warrants even the implication that the monetary jurisdiction of the court was to be enlarged. And it is a rule of general construction that a general statute will not, by implication, defeat the operation of a special and local statute, unless the two are so inconsistent that both cannot stand. McKenna v. Edmundstone, 91 N. Y. 231; Coxe v. State, 144 N. Y. 396, 39 N. E. 400; Reynolds v. City of Niagara Falls, 81 Hun, 353, 30 N. Y. Supp. 954; Boechert v. Brown, 9 App. Div. 369, 41 N. Y. Supp. 467. The proceedings of a court of limited jurisdiction must be within the powers granted to it by law, and, if it transcends the jurisdiction conferred, its judgment will be void. 12 Am. & Eng. Enc. Law, 268, 269, 312; Cow. Treat. § 650; Hall v. Fowler, 6 Hill, 630; Bellinger v. Ford, 14 Barb. 250; Van Etten v. Van Etten, 69 Hun, 499, 23 N. Y. Supp. 711; Ramsey v. Robinson, 86 Hun, 511, 33 N. Y. Supp. 910. Jurisdiction of the person and subject-matter is not alone sufficient; power to render the particular judgment is also essential, for no court can give a judgment valid for any purpose which is not authorized by law. People v. Liscomb, 60 N. Y. 559; Ex parte Lange, 18 Wall. 163; Mattison v. Bancus, Lalor's Supp. 321. Transcending jurisdiction in this instance is as fatal to the judgment as if the court rendering it had been without jurisdiction of the subject-matter, which, as applied here, means "the object; the thing in dispute" (Hunt v. Hunt, 72 N. Y., at page 228); or "the debt" (Bost v. Corey, 15 N. Y., at page

509), which, by the consolidation, was $4,000, exclusive of interest. See, also, 2 Wait's Law & Practice in Justices' Courts, p. 14 et seq. If the effect of the consolidation allowed here was to require a judgment of $4,000,—one which the court could not render,—then, in the language of Sedgwick, J., in Alexander v. Bennett, 38 N. Y. Super. Ct., at page 505: "The exercise of the power is suicide of jurisdiction, for it puts an action in a position where the court will have no power to adjudicate in it." Judge Sedgwick's view was sustained on appeal. 60 N. Y. 204. If, notwithstanding the consolidation, the court below had awarded judgment within the statutory limit, a different question would have been presented. The fact that the consolidation was had on the application of the defendant, and that he gained a benefit from it, however much it may justify unfavorable comment, does not estop him from raising the question of jurisdiction; for whenever there is a want of authority to hear and determine the subject-matter of the controversy, or to render the judgment, an adjudication upon the merits is a nullity, and does not estop even an assenting party, and a defeated party may raise the question for the first time upon appeal. In re Walker, 136 N. Y. 20, 32 N. E. 633; Wilmore v. Flack, 96 N. Y. 512; Kamp v. Kamp, 59 N. Y. 212, 216; Davidsburgh v. Insurance Co., 90 N. Y. 526; Craig v. Town of Andes, 93 N. Y. 405; McMahon v. Rauhr, 47 N. Y. 67; Steamship Co. v. Voorhis, 104 N. Y. 525, 11 N. E. 49; Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625; Bartlett v. Mudgett, 75 Hun, at page 297, 27 N. Y. Supp., at page 59. Even confessing a judgment does not cure the want of jurisdiction in the court. Coffin v. Tracy, 3 Caines, 129. The only method of preserving the rights of all the parties is to decide that the order for consolidation and all the proceedings founded upon it are void, and of no effect, leaving the two actions to proceed as if no such order had been made. This renders unnecessary a discussion of the other questions raised.

Judgment reversed, and a new trial of each action separately ordered, with costs of this appeal to abide the event of either of such actions. All concur.