(55 Misc. Rep. 229)

### GEDULD et al. v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Term. June 27, 1907.)

1. COURTS—COURTS OF INFERIOR JURISDICTION—LIMITATION OF JURISDICTION—PRESUMPTIONS.

A court of inferior and limited jurisdiction possesses only those powers conferred upon it by statutory enactment, and no presumption will be indulged in favor of its jurisdicton.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 142.]

**2. JUDGMENT—FOREIGN JUDGMENTS—EVIDENCE.**

The jurisdiction of a justice of the peace to issue an attachment depended upon the defendants being nonresidents of the state. The transcript of the justice's record showed that the return of the constable merely recited that the defendants could not be found in the county, and that the case was continued for service by publication, and notice ordered and issued to a constable, who mailed it to defendant at his place of residence, without stating where it was; but the record made no reference directly or indirectly to their nonresidence, and failed to show that there was any proof before the justice as to that jurisdictional fact. *Held*, that the record did not show that the justice acquired jurisdiction, and the judgment rendered by him had no binding effect upon the courts of another state.

**3. GARNISHMENT—PAYMENT BY GARNISHEE ON VOID JUDGMENT.**

Where garnishment proceedings were founded upon a void judgment against the principal defendant, payment by the garnishee under order of court was no defense to an action against him by the principal defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Garnishment, § 426.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Charles Geduld and another against the Baltimore & Ohio Railroad Company. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Leidy & Goodstein, for appellants.
Cravath, Henderson & De Gersdorff, for respondent.

SEABURY, J. This action was brought to recover $85, the amount of C. O. D. charges on a shipment given by the plaintiffs in New York to the defendant for delivery to Louis Schitnitz in Chicago, Ill. The facts of the case are admitted. The package was duly delivered to the consignee, and the charges collected from the consignee by the defendant, which amount was attached in the hands of the defendant by garnishee proceedings instituted by the consignee against the plaintiffs and defendant jointly. The defendant offered and the court received in evidence a transcript of the garnishee proceedings which were had before a justice of the peace of Cook county, in the state of Illinois. The question to be determined upon this appeal is whether the transcript of the proceedings before the justice of the peace was properly admitted in evidence upon this trial. If it was not, then there is no basis upon which the judgment awarded in favor of the defendant can stand.

The statutes of the state of Illinois, so far as they relate to the jurisdiction of a justice of the peace, were offered in evidence and are before us for consideration. It is claimed that the transcript of the judgment that was offered in evidence was not properly proved; but we think it unnecessary to discuss this aspect of the case, because, in our view, the judgment itself was not a valid judgment, and was of no binding effect in this state, and on this account should not have been admitted in evidence. It appears from the transcript of judgment that Louis Schitnitz instituted an action in Chicago before a justice of the peace against the plaintiffs herein, and that in said ac-

tion there had been attached in the hands of the defendant in this action, as garnishee, the sum of $85, which it at that time owed the plaintiffs in the present action. It also appears from this transcript that this sum so attached was paid over by the defendant in the present action to Louis Schitnitz, the plaintiff in that action, by order of the court. The court of the justice of the peace of Cook county, in the state of Illinois, is a court of limited and inferior jurisdiction, and as such it possesses only those powers which are conferred upon it by statutory enactment. Courts not proceeding according to the course of common law are confined strictly to the authority given them. They can take nothing by implication, but must show the power expressly given them in every instance. Jones v. Reed, 1 Johns. Cas. 20. Courts of superior or general jurisdiction are presumed to have the powers that they assume to exercise until some limitation thereof is made to appear, but the authority of courts of inferior jurisdiction must be shown. Thomas v. Harmon, 122 N. Y. 84, 88, 25 N. E. 257; Gilbert v. York, 111 N. Y. 544, 19 N. E. 268. No presumption will be indulged in favor of the jurisdiction of inferior courts. The rule applicable to inferior courts is to be liberal in reviewing their ordinary procedure in actions and strict in holding them to the exact limit of jurisdiction. Gillin v. Canary, 19 Misc. Rep. 594, 44 N. Y. Supp. 313. All of the proceedings of a court of limited jurisdiction must be within the power granted to it by law, and if it transcends the jurisdiction conferred its judgment will be void. Gillin v. Canary, supra.

The courts of this state will accord to the judgments of other states the "full faith and credit" contemplated by the Constitution (Const. U. S. art. 4, § 1), and it is probably true that the judgments of a justice's court of another state are entitled to this consideration. It does not follow, however, that the courts of this state will accord to the judgments of the courts of other states greater consideration than they accord to judgments of the courts of their own state. The requirement that they accord to said judgments "full faith and credit" does not require them to indulge presumptions in favor of their jurisdiction, which under the laws of their own state they cannot indulge in reference to the judgments of the courts of their own state. The rule that no presumption will be indulged in favor of the jurisdiction of courts of limited or inferior jurisdiction applies, therefore, with equal force to foreign courts of that character.

Bearing this consideration in mind, it is necessary to inquire whether the transcript of the judgment offered in evidence shows that the justice of the peace had jurisdiction under the laws of Illinois to award judgment against these plaintiffs, who were the defendants in that action. Section 1 of article 8 of chapter 79 of Hurd's Revised Statutes of 1905 of the state of Illinois, defining the jurisdiction of courts of justices of the peace, confers jurisdiction to issue attachments against the property of debtors in civil actions of which justices of the peace have jurisdiction "where the debtor is not a resident of this state." Unless, therefore, the plaintiffs in this action, who were the defendants in the Illinois action, were nonresidents of the state of Illinois, the justice of the peace was absolutely without jurisdiction to issue an attachment against their property

which was in the hands of the defendant in this action. The return of the constable, which is a part of the transcript of judgment now offered in evidence, recites "defendants not found in Cook county this 30th day of August, 1905." The transcript further shows that on September 6, 1905, the case was "called and continued to September 21, 1905, 9 o'clock a. m., for service on defendants by publication, and notice ordered and issued to Constable John Doolan and returned by him indorsed: 'Served the within notice by posting three copies thereof at three public places in the neighborhood of the within-named justice and mailing a copy of said notice addressed to the within-named defendants at his place of residence this 6th day of September, 1905." The record goes on to state that on September 21, 1905, the case was called, and the defendants were in default; but it makes no other reference, directly or indirectly, to the nonresidence of the defendants in that action. Nor does the transcript state the address of the defendants to which the said notice is alleged to have been sent, or, except by inference, the character of the notice that was sent. The record fails to show that there was any proof before the justice of the nonresidence of the defendants in that action, and in the absence of proof of this essential jurisdictional fact the justice was without jurisdiction to proceed in the action. The justice of the peace being without jurisdiction of the subject-matter or the person of the defendants, the judgment which he rendered has no binding effect in this state. Matter of Kimball, 155 N. Y. 62, 49 N. E. 331.

The evidence offered to supply the omission of the judgment record to show that the defendants in that action were nonresidents, and consequently to show that the justice acquired jurisdiction, was wholly insufficient for that purpose. This evidence offered did not go further than to show that the plaintiffs in this action had an office for the transaction of business in New York City, and that certain communications were sent by the defendant in this action to these plaintiffs, addressed to them at their New York office, and even these facts were not shown to have been in evidence before the justice issuing the attachment. This evidence, taken in connection with the facts disclosed by the transcript of judgment, does not establish the fact or justify the inference that these plaintiffs were nonresidents of the state of Illinois at the time the attachment was issued. The return of the constable attached to the judgment, that the defendants in that action were "not found in Cook county," will not support the presumption that they could not have been found in any of the other counties of that state.

The judgment recovered against the plaintiffs in this action being void, the payment by the defendant in garnishment proceedings constitutes no defense to this action. In 20 Cyc. 1146, it is said that when "the judgment against the principal defendant is void or when the garnishment proceedings are not founded upon any judgment against the principal defendant, payment by the garnishee will be no defense to an action against him by his original creditor." Martin v. Central Vermont R. Co., 50 Hun, 347, 3 N. Y. Supp. 82.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.