### HUGHES v. HOLLEY.

(Supreme Court, Appellate Term. February 5, 1909.)

COURTS (§ 189*)—MUNICIPAL COURT—CONSOLIDATION OF ACTIONS.
 The New York Municipal Court has no jurisdiction to consolidate two actions.
 [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Andrew Hughes against Francis Holley. From a Municipal Court judgment for defendant, and from an order consolidating two actions, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Kneeland, Files & Reese, for appellant.
Dennis & Buhler, for respondent.

SEABURY, J. The plaintiff instituted two actions against the defendant in the Municipal Court of the city of New York. In one action he demanded judgment for $278.40, and in the other he demanded judgment for $398.77. The actions were between the same parties. The justice in the court below made an order consolidating these actions, and then dismissed the complaint on the ground that the aggregate amount claimed by the plaintiff was over $500 and that the Municipal Court was without jurisdiction. The appellant appeals from the order consolidating the two actions and the judgment dismissing the complaint, with $32.41 costs to the defendant.

The respondent seeks to justify the action taken upon the ground that both causes of action were upon an entire contract. Even if the Municipal Court had power to consolidate two actions, the procedure

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

adopted, in view of the limited jurisdiction of the Municipal Court, would be improper. Gillin v. Canary, 19 Misc. Rep. 594, 44 N. Y. Supp. 313. There is, however, no authority in the Municipal Court to enter an order consolidating two actions.

The judgment and order are reversed, with costs to the appellant. All concur.