BROENIMAN COMPANY, INC., Respondent, *v.* LIBERTY EXPORT & IMPORT CORPORATION, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1921, Term — Filed January, 1922.)

Evidence — sales — contracts — jurisdiction — damages for breach of guaranty of condensed milk — survey report filed with clerk of court in Belgium held not prima facie evidence of contents — not duly authenticated according to Code of Civil Procedure, § 957 — nothing to show that foreign court acquired jurisdiction of defendant.

Defendant by its contract of sale and delivery to plaintiff for shipment to Belgium of three hundred cases of condensed milk guaranteed it for a period of six months from the date of shipment against " swells, coagulations, etc." Upon the trial of an action to recover damages for breach of the guaranty, defendant gave no evidence and the only question submitted to the jury was the amount of plaintiff's damages. A survey report filed with the clerk of the Court of Commerce of Brussels, in a case brought by plaintiff's principals against the defendant herein, and duly certified over the seal of the American consul at Brussels, sufficiently identified milk as that covered by the complaint herein, and in said report it was stated that certain of the cans had bulged, that the milk therein had fermented and was unsuitable for human consumption, and the loss was estimated at two-thirds of the full shipment. The trial court upon proof as to the law of Belgium held that the survey report, a copy of which, before the commencement of the present action, was sent to defendant in response to its request in a letter to plaintiff's principals, to supply defendant " with a full and complete affidavit signed by the American consul in Brussels before we can obtain the necessary action in connection with the manufacturers," was *prima facie* evidence of its contents. *Held,* error. Upon reversing a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, *held,* that aside from the points of lack of due authentication of the survey report in accordance with section 957 of the Code of Civil Procedure, and as to the proper custodian of such document, the objection that there

being nothing to show that the Belgium court acquired juris-
diction of the defendant the court on appeal was not warranted
in considering the statements in the survey as evidence against
the defendant, was well taken.

Appeal by defendant from judgment of City Court
of the city of New York in favor of plaintiff and from
order denying defendant's motion for new trial.

Hardy, Stancliffe & Whitaker (Noah A. Stancliffe
and John L. Farrell, of counsel), for appellant.

Leon Dashew, for respondent.

Guy, J. Defendant sold and delivered to plaintiff
for shipment to Belgium 300 cases of condensed milk
guaranteed for a period of six months from date of
shipment against " swells, coagulations, etc." In the
original contract defendant agreed to furnish the
" Thrift " brand, but by reason of the fact as repre-
sented that defendant could not procure this particu-
lar brand, " Freedom " brand was substituted with
plaintiff's consent.

Defendant gave no evidence on the trial, and the
only question submitted to the jury by the court was
the amount of plaintiff's damage.

Plaintiff claimed on the trial to have proven defend-
ant's breach of the guarantee by a survey report filed
with the clerk of the Court of Commerce of Brussels
on June 28, 1920, " in the case Delhaize Freres & Cie
of Brussels [plaintiff's principals] versus Liberty
Export Company, Woolworth Building, New York;"
the survey being certified over the seal of the Ameri-
can consul at Brussels. In the survey the milk is suffi-
ciently identified as that covered by the complaint in
this action, and it is stated therein that certain of the
cans had bulged and that the milk therein had fer-
mented and was unsuitable for human consumption,

and the loss was estimated at two-thirds of the 300 cases furnished.

The court held under proof given at the trial as to the Belgium law that the report was *prima facie* evidence of its contents.

Before suit was brought a copy of the survey was sent to defendant in response to a request in its letter to plaintiff's principals, dated May 14, 1920, to supply defendant " with a full and complete affidavit signed by the American consul in Brussels before we can obtain the necessary action in connection with the manufacturers."

Appellant contends that the papers making up the survey were not properly authenticated in accordance with section 957 of the Code; that there is no proof that under the law of Belgium the secretary of the Belgium court was charged with the duty of keeping documents of the character of the survey and no proof that under that law the paper was entitled to any degree of credence; that the report was not proof of the contents thereof; and that there is nothing in the record to show whether the survey was a judgment or only the equivalent of a deposition, or merely a report.

Aside from the points of lack of due authentication of the report and as to the proper custodian of such document it seems to me that the objection that there is nothing before us which warrants us in considering the statements of the survey as evidence against the defendant is well taken, because there is nothing to show that the Belgian court acquired jurisdiction of the defendant. *Geduld* v. *B. & O. R. R. Co.,* 55 Misc. Rep. 239; *Shepard* v. *Wright,* 59 How. Pr. 512; *Eytinge* v. *Atlantic Transport Co.,* 160 App. Div. 635. It is true that it is stated in the document that the person appointed by the Belgian court to make

Appellate Term, First Department, January, 1922.   [Vol. 117.

the survey called on the American consul at Brussels, who declared that "a survey is carried out by an expert and the survey report is submitted to the consul for his approval if any.   This document called an affidavit is conclusive before the American courts of law."   But the respondent has not called our attention to any provision of law which justified the statement reported to have been made by the American consul.

It follows that the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

GAVEGAN and MULLAN, JJ., concur.

Judgment reversed and new trial ordered with costs to appellant to abide event.