In the Matter of the Judicial Settlement of the Account of KONSTANTY BUETZ, as Administrator, etc., of SIMON BARTOWICZ, Deceased. Consul General of the Republic of Poland, as Attorney in Fact for NINA ZUSKO, Appellant; SAMUEL B. WILEY, as Special Guardian for STEFANIDA BARTOWICZ, an Unknown Heir, and KONSTANTY BUETZ, as Administrator, etc., of SIMON BARTOWICZ, Deceased, Respondents.— Decree of the Surrogate's Court of Queens county settling account of administrator and dismissing objections to the account, and order denying motion to vacate decree reversed on the law and the facts, without costs, motion to reopen the proceeding granted, without costs, and matter remitted to the Surrogate's Court for a further hearing and determination. In our opinion, the ruling that appellant was bound by the answers of the administrator was erroneous. He was an adverse party and the appellant was at liberty to endeavor to elicit admissions from him without being bound by his answers. (*Koester* v. *Rochester Candy Works*, 194 N. Y. 92, 98.) The birth certificates constituted evidence of the existence of relatives, inclusive of one Nina Zusko, to whom distribution should be made to the exclusion of the administrator. The question of authentication of these birth certificates having been waived, they constituted " competent evidence of the facts therein stated." (*George* v. *Galani*, 218 App. Div. 340.)

The identity of the persons described in these certificates was sufficiently established by the similarity of names and dates, coupled with admissions of the administrator, for the purpose, at least, of raising a question of fact as to that issue. (*People* v. *Snyder*, 41 N. Y. 397, 403; *Young* v. *Shulenberg*, 165 id. 385; *Stebbins* v. *Duncan*, 108 U. S. 32.) The situation called for the issuance of a commission to take depositions and, although the delay of the hearing of the issue presented by the objections and the settlement of the estate has been inordinate, owing, apparently, to the inaction of all parties concerned, an adjournment for a reasonable length of time, within which to procure depositions, would not have been prejudicial under the circumstances. We are of opinion that the interests of justice require a further hearing. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.