In the Matter of the Estate of LOUISE JOHNSON, Deceased.

Surrogate's Court, New York County, November 27, 1939.

*David C. Broderick* [*Charles S. Vaccaro* of counsel], for the petitioners.

*William C. Chanler, Corporation Counsel* [*Herbert Lefkowitz* of counsel], for the City of New York.

DELEHANTY, S. On this application to resettle a decree on accounting the court is asked to direct that a portion of the money heretofore deposited in the city treasury for account of unknown distributees now be paid to petitioners. Deceased died August 9, 1935.

Petitioners assert that deceased was an unmarried woman whose distributees were her brothers and sisters or their descendants. The histories of the alleged brothers and sisters are given thus: A sister Kristina predeceased the deceased and was survived exclusively by an illegitimate daughter and an illegitimate granddaughter; a brother Johannes has disappeared; a brother Anders died in 1915 without wife or descendants; a sister Elizabeth is alive and is a party to this proceeding; a brother Gustaf predeceased the deceased and was survived by three children now living and now parties to this proceeding; and finally a sister Maria predeceased the deceased and was survived by one illegitimate and six legitimate children, all of whom except the illegitimate child are now parties to this proceeding. Petitioners contend that they have established the

foregoing.    On such facts they assert that this estate is divisible into four shares, three of which are presently distributable.    The stock of Kristina and Anders are eliminated, the former because the issue are illegitimate, the latter because there are no representatives of his stock.    The fourth share, it is said, should be retained for account of the missing brother Johannes.

The contentions of the petitioners, if tenable at all, depend on Exhibit 2 marked for identification.    To the admissibility of this exhibit an objection was duly made on the ground that it is a certificate of a character other than that contemplated by section 398 of the Civil Practice Act.    This certificate in part says: " I, G. Eriksson, Rector of the parish of Svanskog in the province of Varmland, Kingdom of Sweden and according to law the legal custodian of all the ministerial records of said parish, which are kept in compliance with statute do hereby certify in conformity with the said ministerial records of said parish of Svanskog *and with other documents produced before me* that Lovisa Johnson alias Louise Johnson alias Lovisa Gustafson, who emigrated to N. America on the 10th of November, 1891, *where she is reported to have died on the 9th of August, 1935,* at New York City, N. Y., was born on the 7th of September, 1865, as a daughter of Gustaf Jansson, born on the 5th of December, 1825, deceased on the 1st of July, 1885, and his wife Johanna Andersdotter, born on the 22nd of July, 1828, deceased on the 13th of May, 1884." (Italics supplied.)    There then follows a statement purporting to list all the offspring of the marriage of deceased's alleged parents together with the dates of their respective births and marriages, their offspring, the dates of their emigration to North America and the like.    The exhibit is signed and sealed by the rector.    By the Royal Foreign Office of Sweden it is also certified that the official vital statistics in Sweden are kept by the parochial authorities of the Swedish State Church.    The Consul General to the United States has attached his certificate reciting that G. Eriksson at the time of subscribing his certificate was the rector of Svanskog to whose official acts, faith and credit are due and that his signature and seal appearing on his certificate are genuine according to the best knowledge and belief of the Consul.

What has been said by this court in *Matter of Asterio* (172 Misc. 1081), decided simultaneously herewith, applies equally to the certificate under examination here.    The certificate here is duly authenticated.    It is not defective merely because it lacks the formula of certification specified in section 329 of the Civil Practice Act.    It is fatally defective because it is not a *certified copy.*    Here again the court meets with a fusion of the act of certifying with the thing to be certified.    The outcome of this fusion is, in practical effect, an

attempt by an administrative officer of a foreign country to hear and to determine the very issues which, by the pending proceeding, have been submitted to this court. On its face the certificate here shows that the certifying officer did not content himself, even ostensibly, with making up a statement strictly limited to original registry sources. Instead, he relied, he says, in part "on other documents" the nature of which is nowhere revealed. Not being a *copy* of a public foreign *record* the paper is inadmissible. It is not evidence as that term is used in section 398 of the Civil Practice Act.

The necessity for insistence upon a strict compliance with the statutes in respect of foreign records is illustrated by the other proofs in this case. In proof of the fact that "Anders Johnson" died February 13, 1915, there is submitted a certified copy of a death certificate showing the demise on that day of an August Gustavson. The court is asked to disregard the manifest difference between the two names. In proof of the fact that the deceased here and the Lovisa alias Louise Johnson or Gustafsson mentioned in an inadmissible certificate are one and the same, the court is advised that deceased here was born according to *her* statements on September 7, 1872, whereas according to the inadmissible certificate the party *there* specified as this deceased was allegedly born on September 7, 1865. In seeking to account for this seven-year discrepancy counsel argues that deceased on one of her insurance applications gave her date of birth as September 7, 1874. A rider attached to that application shows that deceased corrected this entry to show her year of birth as 1872. Moreover in one of her insurance applications deceased referred to the existence of a niece Lilliom (not included among the claimants) with whom deceased reports herself as residing as of May, 1912. The insurance agent also had some contact with a brother in 1911. He is not accounted for at all. Again in 1901 deceased said she had no living sisters and only one living brother. According to the inadmissible certificate and other contentions of petitioners the deceased in 1901 had three living sisters as well as two or possibly three living brothers.

On the body of proofs before it the court finds that the petitioners have wholly failed to show that they have any present right to share in this estate. Submit, on notice, order denying the application to resettle the decree heretofore entered.