In the Matter of the Estate of JOHN ASTERIO, Deceased.*

Surrogate's Court, New York County, November 27, 1939.

---

* See, also, Matter of Johnson (172 Misc. 1075).

*Joseph A. Cox,* for the public administrator.

*Lee Johnson,* for the Consul General of Greece, objectant.

DELEHANTY, S. The public administrator is here accounting and proposes to pay the distributable estate into the city treasury for account of unknown distributees. Objection is made by the Consul General of Greece who contends that the estate is distributable to Constantine Asterio Politis, a subject of Greece, alleged to be the brother of deceased.

Objectant called no witnesses. He offered in evidence four so-called " certificates " which concededly were not authenticated according to statute. The attorney for the public administrator waived any objection which might be taken to the " certificates " on the ground of non-authentication in order to reach a more fundamental question respecting these papers. He contends that the papers in question — with or without authentication — are inadmissible because their content is such as to render them " mere ' scraps of paper.' " (*Matter of Pifumer* v. *Rheinstein & Haas, Inc.,* 187 App. Div. 821, 823.)

Typical of the four papers under consideration is " Certificate #496 " the complete text of which says:

> " Kingdom of Greece
> Community of Livadi
> Certificate #496.

" Certificate.

" The President of the Community of Livadi (Halkidiki) certifies that Ioannis Asteriou Politis is registered in the Municipal registery that was made during the Turkish occupation under family #45, subdivision 2 and Ottoman year of birth 277. The above left as his only surviving brother, Constantine Asteriou Politis, registered in the same registry under family #45, division 3 and Ottoman year of birth 286. Constantine now is established in the City of Volos (Stenon Demarhion).

" At the request of Constantine Asteriou Politis, the present certificate is issued with the full knowledge of the consequences in the case of false certificates, to be used by him whenever need be.

> " Livadi, July 14, 1939
> The President of the Community
> Sig. At. Tsilipakis."

To be admissible in evidence this paper must satisfy the requirements of section 398 of the Civil Practice Act which says: " A copy of a patent, record or other document remaining of record or on file in a public office of a foreign country, certified according to the form in use in that country, is evidence when authenticated as follows:" Then follow the requirements for authentication.

Section 398 of the Civil Practice Act must be read in conjunction with section 329 of the Civil Practice Act which says: " Where a * * * certified copy of a record * * * is declared by law to be evidence, and special provision is not made for the form of the certificate, in the particular case, the person authorized to certify, must state in his certificate that it has been compared by him with the original and that it is a correct transcript therefrom and of the whole of the original."

The cited statutes define the nature of certain documents which are to be accepted in the courts of this State as evidence. The basic idea in section 398 presupposes that in foreign countries there exist original papers, such as entries on registers, or the like, which are filed in a public office primarily for public purposes. Recognizing the impossibility or at least the great inconvenience of producing original papers before a court in this State (the admissibility of the originals being assumed) the Legislature has authorized substitution for the original data of (1) a copy, (2) when certified according to the form in use in that country, and (3) when authenticated, that is to say, when established to be the kind of certified copy contemplated by the law. The *copy* is to be an exact reproduction of the whole of the original record. The *certificate of the certifying officer* is to be a formal assurance by a public official that the copy is this exact reproduction. The *authentication* is to be a still further assurance that the certifying officer is the incumbent of the office which he purports to occupy, that he has authority to execute his certificate certifying to the correctness of the copy of the original and that his signature and seal are genuine. (Cf. 3 Wigmore on Evidence [2d ed.], p. 561.)

For present purposes it is unnecessary to discuss further the nature of the primary certificate given by the foreign custodian of the foreign record except to point out that this certificate is not the thing certified. It is to confuse wholly distinct and equally indispensable things to treat the certificate and the copy as signifying the same thing. The statute (Civ. Prac. Act, § 398) says that the copy of a foreign record may be certified according to the form in use in the foreign country. For this reason it may be that the use of the exact formula set forth in section 329 of the Civil Practice Act would not be required of the foreign certifying officer. But section 398 does not authorize any foreign form of certification which would so combine the act of certifying with the thing certified as to constitute merely the *certifying officer's version of what an original record seems to him to say*. If the certifying officer's testimony (as distinguished from the copy of an original record) is to be received it must be furnished under circumstances permitting

of his cross-examination by any party whom it is sought to bind by such testimony.

Original records of birth, marriage and death are sometimes valid evidence of facts therein asserted. The original entries in public or quasi-public registers of vital statistics are generally reliable because they are entries of a public character made by a disinterested person in discharge of an official duty at a time when there is no incentive to falsify. (*Matter of Kennedy*, 82 Misc. 214, 217.) But even original entries are not receivable if a party might deliberately create such records with an eye to the litigation. (*Broeniman Co., Inc.*, v. *Liberty E. & I. Corp.*, 117 Misc. 579 [App. Term]; *Bilkovic* v. *Loeb*, 156 App. Div. 719, 722.)

Examining the documents now offered and assuming for the moment that they are properly authenticated, the court finds them fatally defective because they are not copies of anything. They are statements made by a person who describes himself as a public official. In respect of paper No. 496, the text of which is given above, it is apparent that it is there intimated that a register exists in which are original entries. Nevertheless there is furnished no copy of any original entry. Another certificate offered (No. 494) does not even refer to original entries but states merely that " Ioannis Asteriou Politis was born here during the Ottoman year 277 and that his only brother is Constantine Asteriou Politis, now living." This is indeed a mere scrap of paper.

Accordingly the objection of the public administrator to the reception into evidence of the " certificates " offered by the objectant on the ground that said certificates are not copies of records and consequently are inadmissible with or without certification and authentication is sustained. The ruling thus made is amply supported by authority. (*People* v. *Todoro*, 224 N. Y. 129, 133, 134; *Matter of Bonnano* v. *Metz Bros. Co.*, 188 App. Div. 380, 382.) In the last cited case the question was whether deceased had living parents. The court said: " Here we do not have any competent evidence of the existence of the parents of the deceased; the *statement* of ' J. Parini, officer in charge,' that the bureau of Vital Statistics in a town or village in Italy *shows certain facts* is not competent evidence of the fact; we should have a certified copy of the record. (Code Civ. Proc. §§ 956, 957.)" (Italics supplied.)

A case in the Second Department (*George* v. *Galani*, 218 App. Div. 840) has been examined. The record on appeal gives the text of a so-called birth certificate which was held by that court in a short opinion to be receivable. There is nothing in the opinion to indicate that the court had considered the fact that the so-called certificate referred to an affidavit made in 1925 concerning a birth

alleged to have occurred in 1900. The court may possibly have been influenced by the fact that the so-called certificate spoke of its having been " extracted," possibly from some record. The tenor of the paper, however, negatives the idea that it is a copy of any birth certificate. The case may be deemed in conflict with the cases hereinabove cited but in any event its authority seems to have been weakened by a later decision in the same court. (*Matter of Bartowicz*, 254 App. Div. 705.) The appeal record in the last cited case shows that certain birth certificates were held to be admissible but certain other documents in the nature of the certificates here tendered in evidence appear not to have been regarded as admissible since the opinion of the court says nothing about them and they had been held inadmissible in the trial court. If there exists in fact any conflict of authority between the Second and Third Departments on the point here in issue this court (in the absence of any ruling by the First Department on the subject) prefers to follow the Third Department.

Substantial proof was offered by the public administrator designed to establish that objectant is actually not related to deceased. That proof has been given no consideration because objectant's proof has been found wholly insufficient.

The objections are overruled. A decree may be submitted on notice settling the account as filed and directing payment of the distributable balance into the city treasury.