William T. Collins, S.
In this proceeding for the settlement of the account of the Public Administrator the Consul General of Finland on behalf of nationals of that country asserting a status as distributees, has objected to the failure of the Public Administrator to identify the persons represented by the Consul as those entitled to share in the estate. At the hearing testimony was offered in support of the objectants’ position and the question of their status is resolved in their favor on the record so made. There was documentary evidence offered to supplement the oral testimony of the witnesses. These documents whose admissibility was questioned by the Public Administrator consisted of parish register entries furnished by the rector of the church in the community in Finland from which the deceased had emigrated.
The Consular Secretary of the Consulate General of Finland testified as an expert on Finnish law. He described the manner in which parish records are kept and supplemented his proof with sample documents of the sort that are required to be kept in the parish churches in accordance with the provisions of paragraph 147 of the Finnish Church Law passed in 1944. Briefly, every event having pedigree or religious significance in the life of the registered individual is entered against his name in these books of entry. The date of his birth, his departure from his local community, his confirmation, his marriage, his conviction of any crime and his death are recorded by the pastor from information supplied from many sources. *6 In some instances the document is entitled to little or no probative consequence. In this case, for example, the fact of a divorce procured by one of the persons involved was made a matter of record though in fact the decree had issued out of a court in the State of New Jersey. It was not explained in what way this information was supplied to the recording officer and while the fact in itself is of no importance in the establishment of the status of the objectants in this proceeding, the entry is an illustration of the wide range of information encompassed in the Finnish records of vital statistics.
It should be noted that these documents are not subject to the same infirmity as that described by Mr. Surrogate Delehaitty in his decisions in Matter of Johnson (172 Misc. 1075) and Matter of Asterio (172 Misc. 1081). The documents offered in those two cases were simply recitals by the recording officer of an alleged pedigree condition without reference to the materials or records from which the information had been gathered. As the expert testified in the case at bar, Finnish records of the sort under consideration are duplicates of the information contained in the parish registers. They, are for this reason admissible under the provisions of sections 398 and 398-a of the Civil Practice Act since they are concededly attested and authenticated in the manner prescribed by those sections. This does not mean that they are entitled to probative value superior to that which the court would attach to domestic documents of the same sort. It is true that section 398-a provides that * ‘ A copy of a record * * * or other document remaining of record or on file in a public office of a foreign country, is evidence ”. As was pointed out, however, by the Court of Appeals in Gould v. Gould (235 N. Y. 14, 24—25) the evaluation of the effect of such foreign documents is a matter for decision and determination by the court in which they are offered as evidence and although this case deals with the effect of the judgments of foreign courts, it is equally applicable with reference to foreign documents of vital statistics.
“ The sections cited are a re-enactment of like provisions embodied in the Revised Statutes (Part 3, chapter 7, title 3, sections 26, 27, 28). The act of the legislature in thus providing that records and judicial proceedings of a court of a foreign country should be evidence and thereupon expressly declaring that the statute should not be construed as a declaration of the effect of such evidence, was a departure from the prevailing custom of declaring in like statutes evidence to be prima facie presumptive or conclusive, as appears in numerous *7 provisions of the Civil Practice Act. The omission of the legislature to declare the effect of a judgment of a foreign jurisdiction was obviously due to the fact that it appreciated that the full faith and credit clause of the Federal Constitution was inapplicable to judgments of the courts of foreign countries; of the doctrine of comity between nations and likewise of a non-uniformity of laws in various foreign jurisdictions. In providing that the judicial proceedings of foreign jurisdictions, when authenticated as prescribed by it, should be evidence, expressly omitting to declare the effect of such evidence, clearly indicates that it intended that the effect of the evidence should be determined by the court in which an action or proceeding was pending and in which action or proceeding a judgment of a foreign jurisdiction was relied upon in whole or in part to establish or defeat a material issue therein.”
Applying the rules just enumerated to the record at bar, the court holds that the documents offered in support of the objectants’ claim are admissible and the motion of the Public Administrator to strike them from the record is denied. The oral testimony furnished the principal basis for the court’s finding that the objectants have established their status as the only distributees of deceased but in this particular instance the oral testimony was supported and corroborated by the documentation which the objectants tendered. Their objections are accordingly sustained.
Submit decree on notice settling the account.