Joseph A. Cox, S.
In this proceeding for the settlement of the account of the administrator, the petition alleges that the distributees of the intestate have not been ascertained and the only information available in this respect has reference to an alleged widow and an alleged brother of the intestate. Citation was issued to such possible relatives and to the unknown distributees of the intestate as well as to the United States of America as claimant to the distributable estate under the provisions of section 5220 of title 38 of the United States Code. Upon the return of the citation the United States appeared and claimed the distributable estate under the cited statute upon the ground that the Veterans’ Administration had furnished care and treatment to the decedent and he had died without a spouse, kin or heirs entitled to his personal property. The individual cited as the alleged widow of the intestate also appeared by attorneys in fact and claimed to be the sole distributee of the intestate.
At a hearing testimony was taken which established that the intestate was married to a person having the same name as the individual claimant and that a child was born of that marriage. This testimony was pedigree evidence in the form of statements by the intestate himself and statements of the now deceased brother-in-law of the intestate (Aalholm v. People, 211 N. Y. 406, 412). This testimony has been challenged upon the basis that the relationship of the declarants was not sufficiently established but the court is more than satisfied that the evidentiary *139 requirements were met in this regard (Young v. Shulenberg, 165 N. Y. 385, 388). The identity of name of the claimant raises a presumption that she is the individual referred to in the pedigree testimony by reason of the similarity of residence, the fact that the name is unusual and other circumstances appearing in the proof (Layton v. Kraft, 111 App. Div. 842; Hatcher v. Rocheleau, 18 N. Y. 86, 93; Young v. Shulenberg, supra).
The objections to documents purporting to be foreign documents, while wholly technical, are sound inasmuch as the authentications of such documents do not meet the requirements of either section 398-a of the Civil Practice Act or rules of common-law evidence and the documents do not constitute copies of official records (Matter of Johnson, 172 Misc. 1075; Matter of Asterio, 172 Misc. 1081). Exhibit 10 does not purport to be a record and must be regarded as no more than an affidavit and, as such, hearsay proof. The motions to strike these exhibits are granted.
The Government contends that, because the court in no event will direct payment of a distributable share to the claimant as a resident of the Union of Soviet Socialist Republics (Matter of Braier, 305 N. Y. 148, app. dsmd. 346 U. S. 802; Matter of Best, 200 Misc. 332), the widow, as distributee, will not obtain the benefit of the distribution and payment should be made to the Government. The Government recognizes that section 269-a of the Surrogate’s Court Act has been construed as providing for this very contingency as a means of making payment to a distributee who, at the time of payment, would not have the benefit of the fund, but the Government suggests that the possibility of the distributee ever obtaining actual possession of the deposited fund is so remote as to be unworthy of consideration. It seems unlikely that the State Department approaches its difficult tasks with the pessimism inherent in the Attorney General’s argument but, even if the disappointments arising from events in Hungary and elsewere justify some pessimism, it cannot be said that the Government has a claim to the fund lest it eventually escheat to the State of New York. There are instances of persons leaving Iron Curtain countries and coming to the United States and, in such cases, payments of deposited funds are made to them. The decision in Matter of Hammond (3 N Y 2d 567, 571) posed as decisive the question “ would this money under our State law ‘ escheat ’ to New York State if not recaptured by the Federal Government? ”. This question cannot here be answered in the affirmative and, moreover, the claim of the Government is limited under the applicable statute to a situation where the deceased veteran “ shall not leave surviving *140 him any spouse, next of kin, or heirs entitled, under the laws of his domicile, to his personal property as to which he dies intestate (TJ. S. Code, tit. 38, § 5220, suhd. [a].) This language limits the Government’s claim to the fact circumstances explicitly provided in the statute.
By reason of the evidence that there was issue of this intestate ’s marriage and there is not competent evidence of the death of such issue, a holding may not be made that the claimant is the sole distributee of the intestate, although she is entitled to a widow’s share of the estate. An opportunity will be granted to the claimant to offer further proof in a competent form to establish her position. The court will fix a further hearing date upon being advised that such proof is available.