OPINION OF THE COURT
Irving A. Green, S.
Upon the final judicial settlement of the account herein, the Attorney-General has filed an objection to the proposed distribution of the net estate assets as reflected in the account, namely, the distribution of the entire net estate to one Verena Muller, who survived the decedent herein, and is herself now deceased. Said Verena Muller, a domiciliary of Switzerland, is presented as the sole surviving of the closest next-of-kin of the decedent herein, namely, a first cousin. The essential proof submitted upon the hearing in support of such claim consisted of a certified abstract from the records of vital statistics kept pursuant to law by the Municipal Council of Schneisingen, Canton Aargau, Switzerland. The court reserved decision upon the objection to such abstract being received in evidence. The court now sustains such objection.
*597 The abstract is not a compilation of the records themselves properly certified as correct copies. The abstract, therefore, does not qualify for admission into evidence pursuant to CPLR 4542. The infirmity of this exhibit has been definitively expressed by Surrogate Delehanty in Matter of Asterio (172 Misc 1081, 1083): "But section 398 does not authorize any foreign form of certification which would so combine the act of certifying with the thing certified as to constitute merely the certifying officer’s version of what an original record seems to him to say. ”
Accordingly, the proof adduced at the hearing was insufficient to establish the status of Verena Muller as decedent’s sole distributee.
This account may proceed to settlement without prejudice to the right of the legal representatives of the estate of Verena Muller and/or all other persons who may assert a right to a distributive share of this estate, to make due application for withdrawal of funds after deposit with the Commissioner of Finance, upon additional or sufficient proof, when available, in support of their respective claims.